## Morgan v. Morgan's Administrator.

*Bill in Equity for Injunction of Proceeding in Probate Court for Probate of Will.*

1. *When equity will not enjoin application to probate court for statutory new trial in matter of contested probate of will.* — An application to the probate court for a statutory new trial (Rev. Code, § 2827), in the matter of the probate of a will, which had been rejected when propounded by the executor, will not be enjoined in equity, on the ground that the matter has been finally adjudicated between the parties, when it appears that the supposed final adjudication was before the passage of the law authorizing a new trial, and that the parties are not the same.

2. *Statutory new trial (Rev. Code, § 2827) in cases of judgments rendered between 1861 and 1866.* — The legatees under a will, which was propounded for probate by the executor therein named, and rejected on a contest, are not precluded from applying for a statutory new trial (Rev. Code, § 2827), because the executor cannot bring himself within the provisions of the statute; nor because a bill in chancery, which they had filed to establish the will, was dismissed, on the ground that they had an adequate remedy at law, before the passage of the law authorizing new trials.

APPEAL from the Chancery Court of Wilcox.
Heard before the Hon. W. B. WOODS.

S. J. CUMMING, for appellants.

COCHRAN & DAWSON, *contra*.

B. F. SAFFOLD, J. — The appellants were the nephews and nieces of George Morgan, deceased, being the children of his brother, James C. Morgan, and claimed to be the legatees and devisees of a valid will which he had executed. This will was offered for probate in Wilcox county, on the 12th of February, 1864, by its appointed executor, L. M. Davis; and, upon a contest between him and the next of kin, judgment was given against it, in the probate court. On the 12th of October, 1867, the said beneficiaries, under the acts embraced in R. C. § 2827, filed an application to the probate court to grant a new trial in the cause. This application has not been heard, because, on the 23d of June, 1868, the appellee, with the next of kin, filed a bill to restrain them from further litigating the matter, and obtained an injunction from the judge

of the city court of Selma. The chancellor, at a term of the court, November 2, 1869, overruled a motion of the defendants to dismiss this bill for want of equity ; and the appeal is taken, by consent, from this decree.

The above statement of the condition of the case. is not affected by the fact that Davis appealed to the circuit court from the decree of the probate court rejecting the will, and, on the 15th of September, 1865, voluntarily dismissed the appeal ; or that the present appellants, on the 14th of August, 1866, filed a bill in chancery to establish the will, which was dismissed by the chancellor, on the ground of adequate remedy at law, to wit, a remedy by appeal within six months thereafter allowed by an act of February 21, 1866. R. C. § 2260.

The judgment upon the probate of a will is *in rem*, and is as binding upon strangers as upon the parties to the proceeding. *Hunt, Frowner et al. v. Acre et al.* 28 Ala. 580. But it does not result from this, that the legatees of Morgan's will occupied so identical a position with the executor, Davis, that they cannot have the benefit of the new trial provided for by R. C. § 2827. Davis himself might have had a new trial, if he could have shown that he had no attorney present in court, and that the failure to present his case efficiently was not owing to any fault on his part. The relief granted was from judgments rendered under peculiar circumstances of questionable justice and validity, and was intended to suspend their conclusiveness for a specified time, in favor of any of the parties who could bring himself within its terms. In this view of the case, Davis's fault was not the fault of the legatees, and his attorney was not theirs. They were infants, without attorney or guardian.

The injunction was granted, and the motion to dismiss the bill was overruled, on the ground that the matter had been finally adjudicated between the parties. All of the adjudications were prior to the act under which the application for a new trial was made, and were embraced by it. The bill filed by the legatees in August, 1866, was dismissed, not on the ground that they had no rights, but because such as they had were enforcible at law.

The bill ought to have been dismissed, so that the probate court might proceed to hear and determine the application for a new trial in the matter of the probate of the will. The decree is reversed, and a decree will be rendered in this court in conformity with this opinion, dismissing the bill for want of equity.