# Birmingham Railway & Electric Co. v. Birmingham Traction Co.

*Bill for Injunction to Restrain Parties from Proceeding in the Probate Court.*

1. *Jurisdiction; excess of corrected by appeal.*—If the probate court should in excess of its jurisdiction make an order of condemnation, the party against whom such order is made can have the same vacated by appeal to this court; if it should do so in the absence of jurisdiction the order would be void and no right could be acquired under it.

2. *Same; equity cannot determine question of jurisdiction of other courts.*—A court of equity cannot determine the question of jurisdiction for the probate court in any matter pending in that court, or which that court determines is pending in it; nor can a court of equity restrain by injunction a party to a cause in another jurisdiction, at the instance of the opposing party, from having the court to proceed to final adjudication in the absence of some special equity not cognizable by the court trying the cause.

3. *Prohibition; when resorted to.*—If a cause is exclusively within the jurisdiction of this court by appeal and the appeal would afford no protection, this court can prevent by writ of prohibition an inferior court from exceeding its jurisdiction by attempting to execute a judgment appealed from; or if the court attempting to exceed its jurisdiction belongs to the class which the circuit court can control in its usurpation of jurisdiction, that court can correct the error by prohibition.

4. *Adequate legal remedies.*—The jurisdiction of a court of equity cannot be invoked when there are adequate legal remedies.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this cause is for an injunction to restrain the defendants from proceeding further in the probate court with a cause for condemnation, pending an appeal to the Supreme Court from the order of condemnation. Injunction was granted, but was dissolved on the coming in of the answer. Appeal from this decree dissolving the injunction.

R. H. PEARSON and WALKER, PORTER & WALKER, for appellant, cited, *N. O. & S. R. R. Co. v. Jones,* 68 Ala. 48; 96 Ala. 571; Code, Secs. 1717 and 439; *Birmingham Traction Co. v. Birmingham Ry. & Elec. Co.,* 24 So. Rep. 368.

ALEX T. LONDON and JOHN LONDON, *contra,* cited, 24 Am. & Eng. Ency. 597; Spelling on Ext.Relief, § 1738; High on Ex. Legal Remedies, § 789; *Keller v. Bullington,* 101 Ala. 267; *Bolling v. Crook,* 104 Ala. 138; *Bank v. U. S. Loan Co.,* 104 Ala. 297; *C. & W. R. R. v. Witherow,* 82 Ala. 190; *Harrison v. Yerby,* 87 Ala. 189; *M. & M. Ry. v. Ala. Mid. Ry.,* 116 Ala. 51.

TYSON, J.—Appellant seeks a review of the decree dissolving an injunction procured by it against the defendant upon a bill filed by it alleging that the defendant had, prior to the filing of the bill, instituted proceedings in the probate court of Jefferson county to condemn a right of way across its right of way, and that upon a hearing of the petition for condemnation the court granted the application, from which decree it appealed to this court by giving the necessary appeal and *supersedeas* bond. It is also alleged in the bill that notwithstanding the appeal, the defendant "is still proceeding in the condemnation case and is still attempting to get possession of the right of way and to have the same condemned to its use and is urging the commissioners to assess the damages and to go upon and take possession of complainant's property * * * and unless restrained by this court the said Traction Company will take possession of, and trespass on the complainant's said property and unless restrained will cause irreparable damages to

complainant and its property." The prayer is that the
defendant be enjoined and restrained from further pro-
ceeding or taking any further steps in their application
for condemnation of the property in the probate court
until its appeal from the order of condemnation can be
heard and determined by the Supreme Court and re-
strained from entering upon and taking possession of
the right of way and crossing. The answer admits all
the allegations of the bill except the allegation relating
to the giving of a supersedeas bond by the complainant
in its appeal from the order of condemnation, and the
alleged proposed trespass by it and the damages alleged
that will flow therefrom. It is averred in the answer
that the only bond that complainant gave was a bond as
security for cost of said appeal. As to the alleged pro-
posed trespass it is averred in the answer, that the
respondent has done nothing except to insist that the
commissioners appointed by the probate court assess
the damages as required by the order of the court ap-
pointing them. There are other matters of defense set
up in the answer which it is not necessary to consider.
The answer contains many grounds of demurrer to the
bill, some of them going to the jurisdiction of the court
to grant the writ of injunction upon the allegations con-
tained in it.

The obvious purpose of the bill is to restrain any fur-
ther proceedings by the probate court in the condemna-
tion case, pending the appeal in that cause to this court.
And in support of this, it is urged when an appeal is
taken as provided by section 1717 of the Code, that the
appeal operates to suspend all further action in the con-
demnation proceeding in the probate court during the
pendency of the appeal, and oust that court of all juris-
diction over the matter. On the other hand it is con-
tended by appellee that the mere giving of a bond or
security for costs cannot and does not have this effect;
that in order to suspend the jurisdiction of the probate
court and all further proceedings by it pending the ap-
peal, the complainant should have given a supersedeas
bond, if an appeal lies from the order of condemnation
before the assessment of the damages by the commission-
ers. This section is silent as to what kind of bond must
be given. Indeed nothing whatever is said directly upon

that subject, but it simply provides "that either party is entitled to an appeal to the Supreme Court from the order of the court granting or refusing the application, within thirty days from the making thereof." As to whether either of these contentions are correct or whether an appeal lies until after the assessment of the damages by the commissioners, a report by them, and an order of condemnation in pursuance thereof (§ § 1718, 1719, 1720), we do not here decide. These questions cannot be raised in the manner attempted here.

If the probate court, without jurisdiction, should in excess of its jurisdiction require the commissioners to make the assessment, receive their report and make an order of condemnation in pursuance of the report, the complainant has the right of appeal and can have such an order annulled. If it should do so, in the absence of jurisdiction, the order would be void, and the defendant would acquire no rights under it. Furthermore, a court of equity cannot determine the question of jurisdiction for the probate court in any matter pending in that court or which that court determines is pending in it. Nor can a court of equity by injunction restrain a party to a cause in another jurisdiction, at the instance of the opposing party, from having the court to proceed to a final adjudication in the absence of some special equity, not cognizable by the court trying the cause.—1 Spelling on Extraordinary Relief, § § 39, 40, 41. Mr. High in his work on injunctions states the rule to be, "The purpose for which the interference is allowed being to prevent injustice, defect in jurisdiction in the court in which the judgment was rendered, will not of itself authorize an injunction, if no equitable reason is shown why the judgment should not be enforced. Even if the judgment is altogether void for want of jurisdiction equity will not enjoin, but will leave the parties to their remedy at law by certiorari."—High on Injunctions, § 125.

It is contended by appellant's counsel that this rule does not apply in this case for the reason, that should the defendant be permitted to proceed to judgment in the condemnation proceeding after the report of the commissioners that it, the defendant, could by a deposit of the money in the court, for the complainant, to the

[Birmingham Railway & Electric Co. v. Birmingham Traction Co.]

amount of the damages assessed, together with the cost of the proceeding, enter upon the land so condemned and operate the road, notwithstanding an appeal by it from such order of condemnation (§ 1721). Conceding this to be true, yet if, as contended, the cause is now exclusively within the jurisdiction of this court by the appeal and the appeal would afford no protection, this court can prevent, by appropriate proceedings, an inferior court from exceeding its jurisdiction by attempting to execute a judgment appealed from, by a writ of prohibition. Or if the court attempting to exceed its jurisdiction belongs to the class which the circuit court can control in its usurpation of jurisdiction, that court by prohibition may correct the error.—High on Extraordinary Leg. Rem., § 789; *Ex parte Roundtree*, 51 Ala. 42; *Ex parte Boothe et al.*, 64 Ala. 312; *Ex parte Morgan Smith*, 23 Ala. 94; *Ex parte Russell*, 29 Ala. 717; *Ex parte Smith*, 34 Ala. 455.

The jurisdiction of a court of equity cannot be invoked when there are adequate legal remedies.—3 Brick. Dig., 330, § 8.

Appellant's counsel has entered into quite an elaborate argument to show that the respondent had no right to have condemned the right of way. We must decline to enter into a consideration of that question. That was a matter for the determination of the probate court over which it had jurisdiction and its action in that respect must be revised by an appeal.

We are clearly of the opinion that an injunction was not the proper remedy to right the wrongs complained of in the bill, if they exist.—*Morgan v. Morgan*, 50 Ala. 89. There was no error in the decree dissolving the injunction.

Decree affirmed.