# Southern Railway Co. v. Birmingham, Selma & New Orleans Railway Co.
## and
# Birmingham, Selma & New Orleans Railway Co. v. Southern Railway Co.

*Bill in Equity to enjoin Railroad from Trespassing upon the Right of Way of Another Railroad.*

1. *Condemnation proceedings; when appeal lies from probate court to Supreme Court.*—Under the provisions of the statute (Code, §. 1717), in *ad quod damnum* proceedings, an appeal will lie direct to the Supreme Court from the order of the probate court granting an application of a railroad company to condemn a right of way across the tracks and right of way of another railroad company, if taken within thirty days and before an order of. condemnation on the assessment of damages by the commissioners is entered under section 1720 of the Code.

2. *Same; effect of appeal from order granting application for condemnation.*—Where an appeal is taken to the Supreme Court under the statute (Code, § 1717) from an order of the probate court granting an application of a railroad company to condemn a right of way, the effect of such appeal is to remove the preliminary order granting the application, out of the probate court into the Supreme Court, thereby suspending such order and leaving nothing in the probate court upon which subsequent proceedings to condemnation on the report of the commissioners can be based; and, therefore, the probate court in such case is wholly without power or jurisdiction to proceed further in the premises; and an order of condemnation made after such appeal is perfected is absolutely void and of no effect.

3. *Same; same; right of respondent corporation to maintain bill for injunction.*—Where, after an appeal has been taken from an order of the probate court granting an application of a railroad company to condemn a right of way across the tracks and right of way of another company, and while such appeal is pending, the probate court proceeds to an

order of condemnation on the report of the commissioners appointed to assess the damages, such proceedings subsequent to the taking of the appeal confer no rights whatever upon the applicant, and if it goes upon the right of way of the respondent company and constructs a track across the latter company's track, it becomes a trespasser, and the company so trespassed upon can maintain a bill to prevent further obstruction of its right of way and tracks, and to have abated and removed the obstructions already placed thereon, whether the injury done and threatened is irreparable or not, and whether the person so trespassing is solvent or not, and without reference to the comparative injury to result from the maintaining of the injunction prayed for.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the Southern Railway Company against the Birmingham, Selma & New Orleans Railway Company, and averred substantially the following facts: The Southern Railway Company owned under lease and operated a line of railway from Selma to Meridian, Mississippi; and at a certain point along said line of railway, in the county of Dallas, the complainant had constructed and was maintaining a side track upon which there was placed fifteen or more cars belonging to the Southern Railway Company. The Birmingham, Selma & New Orleans Railway Company is the owner of the charter of a railway company, had surveyed and located a line of road leading from Selma in a southwesterly direction. This line of road was located by the defendant across the complainant's road at a point where the side track on which were the cars was situated. The Birmingham, Selma & New Orleans Railway Company instituted *ad quod damnum* proceedings in the probate court of Dallas county, for the purpose of condemning the right of way on the line of the said Southern Railway Company at said designated point.

Upon the hearing of the petition, the court granted the application of the Birmingham, Selma & New Or-

leans Railway Company to condemn the right of way for the tracks of the Birmingham, Selma & New Orleans Railway, across the tracks and right of way of the Southern Railway Company. From this order granting said application, the Southern Railway Company took an appeal under section 1717 of the Code within thirty days after the rendition of said order. After such appeal was taken, and while it was pending in the Supreme Court, the probate court appointed commissioners to assess the damages to be paid by the Birmingham, Selma & New Orleans Railway Company to the Southern Railway Company for the right of way so condemned. These commissioners reported, and in accordance with their appraisement of the damages, the probate court of Dallas county fixed the amount to be paid by the Birmingham, Selma & New Orleans Railway Company, and this amount was paid by said latter company into the probate court. Thereupon the Birmingham, Selma & New Orleans Railway Company proceeded to construct its track across the right of way and tracks and side tracks of the Southern Railway Company. In order to construct its said railway across the side track of the Southern Railway Company, which was several feet below the grade of the main line, the Birmingham, Selma & New Orleans Railway Company moved the cars standing upon said side track and built its track upon the top of said side track so as to prevent the cars from being moved off of said side track. The Birmingham, Selma & New Orleans Railway Company also disconnected said side track from the main line, rendering it useless to the Southern Railway Company. Upon these facts the complainant prayed for the issuance of a writ of injunction, directed to the Birmingham, Selma & New Orleans Railway Company, and all of its officers, servants, agents and employees, restraining them from further interference with the side track and right of way of the complainant, pending a hearing of the appeal in the Supreme Court, and that the said defendant be required to remove the obstructions placed upon said right of way, the main track, and side track of the complainant, and that they be commanded to restore or allow the complainant to restore

the side track and main track to the same condition that it was before the Birmingham, Selma & New Orleans entered upon and changed the same; and that upon the final hearing that said injunction be made perpetual.

Upon the filing of the bond required, a preliminary writ of injunction was issued in accordance with the prayer of the bill.

The defendant railway company filed its answer, in which it denied the material allegations relating to its interference with the conduct of the business of the complainant company, and its obstruction of the track of said complainant company, and denied that said side track was of value; and further averred that after having paid the damages assessed by the commissioners appointed, and in accordance with the order of the probate court, that it proceeded to utilize the right of way condemned by said order.

The defendant moved the court to dismiss the preliminary injunction issued, upon the ground that the bill was without equity, and also upon the sworn denials of the answer. There were affidavits filed in behalf of the complainant and respondent in proof of their respective contentions.

On the submission of the cause, the chancellor rendered the following decree: "This cause was submitted on motion to dissolve the injunction for want of equity in the bill, and on the denials of the answer, was argued by counsel for complainants and respondents, and duly considered.

"I am satisfied that there is equity in the bill in so far as it seeks to restrain the defendants from interfering with complainants in the ordinary and usual use of their property and franchise, but that there is no right shown to restrain the defendants from interfering with complainants in the ordinary and usual use of their property and franchise, but that there is no right shown to restrain the defendants from acting under and in accordance with the decree of the probate court by putting in the crossing. It is now, therefore, ordered, adjudged and decreed: (1) That the motion to dismiss the bill for want of equity be and the same hereby is overruled and denied.

"(2.) That the injunction heretofore issued be and the same hereby is modified so that it should not restrain or enjoin the defendants from proceeding under the decree of 30th August, 1900, in the probate court of Dallas county under condemnation proceedings instituted by them, but that said injunction shall be and remain in full force and effect to enjoin and restrain the defendants from any unnecessary interference or obstruction of the free and reasonable necessary use by the complainants of their track, cars or other property, or in their operating the same in any lawful way authorized by their charter."

From this decree the compalinant appeals, and assigns the rendition thereof as error, and also assigns as error that part of the decree which adjudged that the injunction previously issued be modified so that it shall not restrain or enjoin the defendant from proceeding under the decree of the probate court in the condemnation proceedings instituted by it.

There were cross assignments of error by the respondent company as follows: "1. The decree of the court is error in that it overrules the motion to dissolve the injunction for want of equity in the bill." "2. The decree of the court is error in that it overrules the motion to dissolve the injunction on the coming in of the answer and the denials thereof."

FRANCIS L. PETTUS, for Southern Railway Company. No briefs came to the hands of the reporter.

PITTS & PITTS and MALLORY, McLEOD & MALLORY, contra.—No briefs came to the hands of the reporter.

McCLELLAN, C. J.—The appeal by the Southern Railway Company from the order of the probate court made under section 1717 of the Code granting the application of the Birmingham, Selma & New Orleans Railway Company to condemn a right of way for the tracks of the latter company across the tracks and right of way of the former company, having been taken under said section within thirty days and before an order of

[Southern Railway Co. v. Birmingham, Selma & New Orleans Railway Co. and Birmingham, Selma & New Orleans Railway Co. v. Southern Railway Company.]

condemnation on the assessment of damages by the commissioners was entered under section 1720 of the Code, was properly taken to this court; and the effect of it was to remove such preliminary order granting said application out of the probate court and into this court, to entirely suspend such order and to leave nothing in the probate court upon which the subsequent proceeding to condemnation on the report of the commissioners could be based: The probate court, in other words, was wholly without power or jurisdiction to proceed further in the premises, and the order of condemnation made on the 5th day of September, 1900, is absolutely void and of no efficacy for any purpose.—*Birmingham Railway & Electric Co. v. Birmingham Traction Co.,* 128 Ala. 110. It follows that neither the order of condmnateion entered in the probate court on the assessment of damages reported by the commissioners under section 1720 of the Code, nor the payment into court of the amount so assessed as compensation to be paid by the applicant conferred any rights whatever upon said applicant, the Birmingham, Selma & New Orleans Railway Company, in the premises, and that in going upon the right of way of the Southern Railway Company and constructing a track across the tracks of the latter company, the former was a trespasser, occupying precisely the same attitude and subject to precisely the same remedies as if it had undertaken to appropriate a right of way over said right of way and tracks of the complainant without any proceeding to condemn the same or the payment or attempted payment in any way of the compensation therefor. On this state of case, the present bill has equity to prevent further obstruction of complainant's right of way and tracks and to abate and remove the obstructions already placed thereon, whether the injury done or threatened and complained of is or will be irreparable or not, whether respondent is solvent or not, and without reference to the comparative injury to result from maintaining the injunction; these considerations having no pertinency or force as against the constitutional provision that in no case shall property be taken under the right of eminent domain

[Southern Railway Co. v. Birmingham, Selma & New Orleans Railway Co. and Birmingham, Selma & New Orleans Railway Co. v. Southern Railway Company.]

unless compensation is first paid to the owner.—*East & West Railroad Co. v. East Tenn., Va. & Ga. R. R. Co.*, 75 Ala. 275, 280-81; *City Council of Montgomery v. Lemle*, 121 Ala. 609.

Nor has the complainant any remedy at law in the premises for its protection from the acts of the respondent complained of to which it should resort instead of proceeding as it has here proceeded by bill in chancery for injunctive relief. The probate court is not proceeding to the assessment of compensation, and hence there is no remedy by prohibition. It has already proceeded to such assessment and condemnation thereon, and there being nothing further for it to do or order in the matter, the writ of prohibition would be vain and nugatory; there is no threatened or contemplated or even possible action to be prohibited. This case is, therefore, wholly unlike that of *Birmingham Railway & Electric Co. v. Birmingham Traction Co.*, 121 Ala. 475, and the latter is not an authority for the denial of a remedy by injunction in the present case on the ground that complainant had an adequate remedy at law. There the probate court was about to proceed to a final condemnation after appeal from the preliminary order, and all of the complaining parties' rights could have been fully conserved by prohibiting that proceeding pending the appeal. Here, as we have said, there is no proceeding being taken or threatened in the probate court to be prohibited. There it was for the probate court to determine its own jurisdiction to proceed, and *non constat* but that it would determine that question correctly and decline to proceed further; and, of consequence, the chancery court had no power or jurisdiction to determine the question of jurisdiction for the probate court in anticipation of an erroneous solution of it by the probate court. Here the probate court has finally determined that it had jurisdiction to go on to final condemnation on the assessment of the commissioners, the pendency of the appeal to the contrary notwithstanding, and accordingly has appointed the assessors, received their report and thereon entered up the final order of condemnation; and this though such determination was erron-

eous, and in consequence all its acts, orders and decrees in line with it are *coram non judice*.and void.   But it is under this void proceeding and order and under it alone that respondent claims the right and is proceeding to exercise the right to construct its track across the right of way and tracks of the complainant.   The writ of prohibition does not run to individuals, to litigants, but to courts only.   It cannot go to the probate court in this instance because that court is doing nothing nor proposing to do anything, and the writ issued to it would be abortive.   The unlawful thing being done or proposed to be done is not being done or proposed to be done by the court, but by the respondent; and if the complainant has any preventive remedy it is by injunction against the respondent.   That it has a remedy to prevent the taking of its property by the respondent before the latter has paid just compensation therefor, determinable as to amount by a common law jury if complainant demands such determination, is clear upon the authorities cited above; and it is a remedy which this court is bound to effectuate in conservation of the organic provisions that "private property shall not be taken or applied for public use, unless just compensation be first made therefor"; that "the General Assembly may, by law, secure to persons or corporations the right of way over the lands of other persons or corporations, and by general laws provide for and regulate the exercise by persons and corporations of the rights herein reserved; but just compensation shall in all cases be first made to the owner." (Const., Art. I, § 24) ; and that "municipal and other corporations and individuals invested with the right of taking private property for public use, shall make just compensation for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury or destruction." (Const., Art. XIV, § 7).

It is upon the foregoing considerations and authorities that we rest our conclusion that the bill contains equity and that the injunction was properly issued in the first instance in accordance with its prayer.   The order of the chancellor modifying the injunction was erroneous.

That order will be here reversed and annulled, and the motion to dissolve the injunction upon which that order was made will be overruled and denied, and the original injunction will be reinstated.

Therefore, on the appeal of the Southern Railway Co. the decree will be reversed and a decree will be here rendered, and on the appeal of the Birmingham, Selma & New Orleans Railway Co. there will be an affirmance.