# Stephens v. Cox.

*Action on Promissory Notes.  Garnishment.*

1. *Return of officer; presumption as to.*—Where an officer made return on a writ of garnishment as having been executed by leaving a copy with "Stephens," it will be presumed, the contrary not being shown, that the person mentioned is the same Stephens who is mentioned in the writ.

2. *Deputy constable; return of sufficient.*—The local law authorizing the appointment of a deputy constable, the return on a writ signed in the name of the constable by the deputy is legal.

3. *Garnishee; when precluded from denying jurisdiction of his person.*—A garnishee who appears and answers in a justice court is thereby precluded from denying its jurisdiction of his person from the time he so appears and answers, even if a lack of service could be shown.

4. *Return of officer imports verity; effect of in garnishment.*—The return of executed on a writ of garnishment, if allowed to stand in force, imports verity, and intercepts any liability which was subject to garnishment between its date and the time of making answer.

5. *Garnishee; answer of how construed.*—When a garnishee's answer admits facts which clearly establish an indebtedness to the defendant, such admissions will prevail over a mere general denial of such indebtedness contained in the answer, and will justify a judgment for plaintiff notwithstanding such general denial.

6. *Same; what he cannot use as set-off.*—A garnishee will not be allowed to reduce his liability by using as a set-off a claim which by reason of his agreement with the garnishee was not to be used in such reduction if no suit had been brought.

7. *Same; what answer of involves on appeal.*—An appeal by a garnishee from a judgment against him in a justice court to the city court, though triable *de novo* involves only the subject matter of the trial in the justice court, and liabilities not accruing before answer in that court are not a proper subject of inquiry in the city court.

APPEAL from Birmingham City Court.
Tried before Hon. CHARLES A. SENN.

C. S. Cox sued W. H. Cody in justice court, and at the same time caused writ of garnishment to issue to Robert Stevens. The writ was not in fact served on the garnishee but on his agent in business; and the officer returned it as served on "Stevens." Judgment *nisi* was entered against the garnishee, and in response to notice of the same he appeared and made answer before the justice. Judgment final went against him and he appealed to the city court. He there made motion to quash the proceedings and also pleaded to the jurisdiction of the court. There were other motions and pleas, all going to the abatement of the entire suit. These being stricken out and garnishee required to answer he did so in manner as stated in the opinion.

Judgment for plaintiff against the garnishee.

B. M. ALLEN, for appellant, cited, *Henry v. McNamara*, 22 So. Rep. 428; *Sykes v. Schartz*, 91 Ala. 461.

GEO. HUDDLESTON and W. T. HILL, *contra*, cited, *Ind. Pub. Co. v. Am. Press Asso.*, 102 Ala. 475; *Francis &c. Hardware Co. v. Bailey*, 104 Ala. 566; *Lady Ensley Furnace Co. v. Rogan*, 95 Ala. 594; *Archer v. Peoples' Savings Bank*, 88 Ala. 249.

SHARPE, J.—The contrary not being shown it will be presumed that the person mentioned in the officer's return as "Stevens" is the same Stevens who is mentioned in the writ.—*Snelgrove v. Br. Bank*, 5 Ala. 295. The motion to quash the return was upon the sole ground that it was made in the name of the deputy instead of the name of the constable. The record shows the return was properly signed in the name of the constable by the deputy.

The local law prevailing in beat 21 in Jefferson county (Acts 1884-5, p. 395) authorized the appointment of a deputy constable and empowered him to execute the writ of garnishment.

The several motions and pleas which were stricken out did not attack the return merely, but looked to the abatement of the entire suit. If under them a lack of service could have been shown, still the garnishee having

appeared and answered in the justice court, he was thereby precluded from denying its jurisdiction of his person from the time he so appeared and answered.

If the return had been directly attacked, upon the ground that the writ was not in fact served, proof of that fact might have required that the return be set aside. In that case the writ would not have bound the garnishee on liabilities to the defendant not in existence when he appeared and answered though the suit would not have been defeated for lack of service. Being permitted to stand in force the return imports verity.—*Dunklin v. Wilson,* 64 Ala. 162. It must be considered as intercepting any liability which was subject to garnishment between its date and the time of making answer in the justice court and to the extent that the answer shows such liability judgment for the plaintiff was proper.

When the garnishee's answer admits facts which clearly establish an indebtedness to the defendants, such admissions will prevail over a mere general denial of such indebtedness contained in the answer, and will justify a judgment for plaintiff notwithstanding such general denial.—*White v. Kohn,* 103 Ala. 308. By this answer the garnishee admits that beginning before the service of the writ the defendant was in his employ to the time of answering in the justice court—a period of nearly two months—as well as afterwards; that of the agreed wages of $50 per month, $40 was to be sent to the garnishee's family for their support, and that "the agreement was to get groceries each day during the month," and that under that agreement he had allowed the family to have groceries amounting to about $40 per month though he had paid no money. It clearly appears from the character of this agreement to the extent of forty dollars per month it was intended the payment should be made without regard to any counter-claim existing in favor of Stevens. A garnishee will not be allowed to reduce his liability by using as a set-off, a claim which by reason of his agreement with the garnishee was not to be used in such reduction if no suit had been brought.—*Archer v. Bank,* 88 Ala. 249. Discarding the reserved ten dollars per month which it may be was subject to a set-off by defendant's note, and discarding all

liability accruing after the garnishee's answer in the justice court, there remained a period of nearly two months during which defendant's wages accrued to an amount more than sufficient to cover the judgment in the city court.

We do not construe the agreement in the answer as giving the garnishee the absolute right to pay any part of the wages in goods and therefore it was not necessary to observe the special form of judgment provided for by section 2192 of the Code.

The appeal though triable *de novo* involved only the subject-matter of the trial in the justice court and liabilities not accruing before the answer in that court were not a proper subject of inquiry in the city court. *Henry v. McNamara*, 22 So. Rep. 428; s. c. at present term. However no injury could have resulted from such inquiry since without such subsequent liability enough remained of prior liability to require the court to render the judgment appealed from.

The judgment will be affirmed.