# Lucas *v.* Boyd.

## *Ejectment.*

(Decided June 30, 1908.   47 South. 209.)

1. *Acknowledgments; Authority to Take; Mayor.*—Where the charter of a city provides that the mayor of the city is vested ex officio with and may exercise in the city all the authority of a justice of the peace, such mayor may take acknowledgments to conveyances under the authority of section 1799, Code 1886.

2. *Same; Certificate; Sufficiency.*—Section 1802, Code 1896 (Sec. 3361, Code 1907) does not require the officer taking the acknowledgment to certify to his official character, or to his territorial jurisdiction and a certificate of acknowledgment to a deed is not invalid because the officer taking it failed to state the name of the city of which such officer was mayor.

3. *Evidence; Judicial Notice; Municipal Officer.*—The courts of a county in which a city is situated will take judicial notice of who is or who was at a particular time mayor of such city.

APPEAL from Marengo Circuit Court.

Heard before Hon. J. M. MILLER, Special Judge.

Ejectment by Laura Jones Lucas against Bethenia Boyd.   From a judgment for defendant, plaintiff appeals.   Reversed and remanded.

The plaintiff, in order to show title to the property, offered in evidence a deed the acknowledgement of which was taken before James F. Griffin, mayor and ex officio justice of the peace.   The acknowledgment was in the usual Code form, and headed, "The State of Alabama, Marengo County," not stating the city or town where taken.   The deed was signed by mark and attested by J. F. Griffin. Objection was interposed to the deed on the grounds that the certificate of acknowledgment did not show that the person who took the acknowledgment was authorized by law to take acknowledgements, and that the acknowledgement did not show on its face what town or city Griffin was mayor of. The court sustained the objection and refused to admit the deed.

TAYLOR & HEARIN, for appellant.—The charter of the city of Demopolis gives to its mayor ex officio the right to exercise all the powers and authority of a justice of the peace within the city and confers upon him the right to take acknowledgments to conveyances.—*Ward v. City of Mobile,* 113 Ala. 360; *City Council of Montgomery v. Wright,* 72 Ala. 411; *Case v. Mayor of Mobile,* 30 Ala. 538; *Bane v. Mitchell,* 82 Ala. 304; 1 A. & E. En. of Law, 330 note 1; 49 Ark. 49; 1 Cent. Dig. 862, sec. 98. The courts also take judicial knowledge of all officers and their signatures in the State, the extent of their authority and the expiration of their respective terms.— *Russell v. Huntsville Ry. Light & Power Co.,* 137 Ala. 627; *Cary v. State,* 76 Ala. 78, p. 83; *Sandlin v. Anderson, Green & Co.,* 76 Ala. 403; *Coleman v. State,* 63 Ala. 93; *Livingston v. Kettle,* 41 Am. Dec. 166; *Graham v. Anderson,* 92 Am. Dec. 89; *Owen v. Baker,* 20 Am. St. Rep. 618; 16 Cyc. 913, 914 (d). The courts will judicially know the principal executive officers of a town.— 16 Cyc. p. 900 (c).

W. F. HERBERT, for appellee.—The acknowledgment being taken by a person not authorized by law to take acknowledgments the deed was properly excluded.— Code 1896, Sec. 993. The grantor being unable to write her name, and signing deed by mark, the deed must be attested by two witnesses who can write.—Code 1896, Sec. 982. Taking acknowledgments, like attachments, is a special grant of power, and only those officers to whom this power is granted can exercise it.—29 Ala. 136; 71 Ala. 475; 109 Ala. 162.

TYSON, C. J.—The first question presented by the record is, assuming that the officer taking the acknowledgment was, at the time it was taken, mayor of the city

[Lucas v. Boyd.]

of Demopolis, whether under the authority conferred upon him by the charter of that city he was authorized to take acknowledgments to conveyances. The statute conferred authority to take acknowledgments and proofs of conveyances upon justices of the peace. Section 1799, Code of 1886. By the said chartter it was provided "that the mayor * * * is vested ex officio with and may exercise in said city all the powers and authority of justices of the peace and shall be liable * * * to the same penalties and restrictions as are imposed by law on such officers." In *Goree v. Wadsworth*, 91 Ala. 416, 8 South. 712, the power of attorney was acknowledged before an officer in the state of Texas, who styled himself "J. P. and Ex Officio Notary Public." Under the statute authorizing the taking of acknowledgments in another state, no authority was conferred upon a justice of the peace to take them, but was conferred upon notaries public. This court held the acknowledgement sufficient and valid. On principle, that holding controls the decision of this question, and determines its solution in favor of the right of the mayor, as ex officio justice of the peace, to certify the acknowledgement to the deed offered to be introduced in evidence in this case. This holding is fully sustained by cases in other jurisdictions, as will be readily seen by reference to the following:—*Touchard v. Crow*, 20 Cal. 150, 81 Am. Dec. 108; *Wilson v. Simpson*, 68 Tex. 306, 4 S. W. 839; *Dennistoun v. Potts*, 26 Miss. 13; *Middlebury College v. Cheney*, 1 Vt. 336; *Welles v. Cole*, 6 Grat. (Va.) 645.

The next question presented is whether the certificate of acknowledgment to the deed is invalid because of the omission to state the name of the city or town of which the officer purporting to take it was mayor. It will be observed that the form prescribed for the acknowledgment (section 1802, Code of 1886; section 3361, Code of

1907) does not require the officer taking it to certify to his official character or to his territorial jurisidction. In *Lecoh v. Karthaus*, 141 Ala. 509, 37 South. 696, it was held that a certificate of acknowledgment attached to a deed which omitted to state the official character of the officer in its body, but which was signed by the certifying officer, who designated his official character by the use of the letters "N. P." was valid, upon the ground of a substantial compliance. In *McCarver v. Herzberg*, 120 Ala. 523, 533, 25 South. 3, 5, the certificate of acknowledgment read: "The State of Alabama, County of ————. I., T. G. Williams, judge of probate, hereby certify," etc.; the remainder of the certificate being in the form prescribed by the statute. There was nothing, either in the caption, or in the body of the certificate, or in the signature of the officer, to indicate in what county it was taken and certified; nor was there anything in the deed or caption thereof to indicate in what county it was executed. The court held the acknowledgment valid. It said, in part: "It is the policy of the law to uphold certificates of acknowledgment when it is possible to do so, and not to permit conveyances to be defeated by mere technical objections to the certificate, if the substance thereof complies with the form prescribed by the statute. For this purpose courts will, in proper cases, resort to well-founded presumptions and to those rules of evidence which require them to take judicial cognizance of certain facts not affirmatively proven. Courts will, for instance, take judicial notice of the various commissioned officers of the state, and of their official signatures, the extent of their authority, the dates of their commissions, and the date of the expiration of their respective terms of office. * * * The venue of the acknowledgment as stated was simply 'The State of Alabama.' This is prima facie evidence that the ac-

knowledgment was taken and certified by the officer within the state, and we judicially know that T. G. Williams was, at the time of the acknowledgment, probate judge of Pickens county. We know, then, that the acknowledgment was taken in this state by an officer authorized by statute to take and certify acknowledgments within the territorial area of his county. We may, therefore, indulge the presumption, in favor of the regularity and validity of official acts of this character, that *the officer exercised his functions in this particular case* within the limits of his *territorial jurisdiction; that is to say, in Pickens county."* (Italics ours). In *Keller v. Moore,* 51 Ala. 340, it was not definitely shown by the certificate whether the commissioner taking the acknowledgment was an officer of this state or the state of Ohio. The court resorted to judicial notice to determine that he was an officer of this state, taking judicial cognizance of his appointment by the governor of this state, saying: "The courts [of this state], being a department of the government, take notice of its official acts."

We have been unable, in our research, to find any case in this jurisdiction that holds that our courts will take judicial notice of the various mayors of our cities, or one that holds the contrary. It has been held, however, that this court will take judicial cognizance of state, county, and federal officers, of less importance, notoriety, and dignity than the mayors of our larger cities. —*Whitney v. Jasper Land Co.,* 119 Ala. 503, 24 South. 259. In many of them, the mayor, besides being the chief executive officer, is the presiding judge of the municipal court and trior of offenders against the ordinances of the city, and by virtue of being an ex officio justice of the peace tries offenders against the state laws. Such were the powers of the mayor of Demopolis. Speaking to the subject of judicial notice of domestic officials,

their identity, and authority, Mr. Wigmore, in his work on Evidence (section 2567), says: "It is the law that creates offices and attributes certain duties and authorities to the incumbents; but whether the incumbent at a given time and place is a specific person depends on external political action, sometimes recorded or notorious, but sometimes neither. Courts have solved this application of the principle by considerations of practical good sense and convenience, which are, however, difficult to reduce to a definite rule. All that can be said is that the incumbents of the more important notorious offices are judicially noticed, and that many of the lesser and local ones are not." We doubt not, upon principle and common sense, that it should be held that the courts of Marengo county, in which is situated the city of Demopolis, ought to and should take judicial cognizance of who is, or who was, at any time, the chief executive officer of that city. As supporting this conclusion, see 16 Cyc. p. 899, and cases cited in notes, and 1 Jones on Evidence, § 109, and notes.

Reversed and remanded.

HARALSON, DOWDELL, and SIMPSON, JJ., concur.