# Kelton, Judge, *et al. v.* Tavel.

### *Prohibition.*

(Decided June 29, 1911.  Rehearing denied Dec. 21, 1911.
56 South. 1021.)

*Prohibition; Relief; Remedy in Equity.*—As prohibition is a
remedy to prevent a court from exceeding its jurisdiction, and then
only when the fact of its doing so is a matter of law, determinable
on the inspection of the record, it will not lie to the probate court
to prevent its further entertainment of proceedings by a railroad
corporation to condemn a right of way through a dwelling; that
court having jurisdiction of condemnation proceedings, and a cor-
poration regularly organized as a railroad corporation having power
to condemn such property, having proceeded regularly and the
remedy as to any special equity arising because of the organization
of the railroad being a fraudulent attempt to appropriate the dwell-
ing to a really private use, being of equitable cognizance.

APPEAL from Blount Circuit Court.

Heard before Hon. E. C. CROWE.

Prohibition by Zanie Tavel to prevent John F. Kelton
as judge, and others, from entertaining proceedings
for condemnation.  From an order to show cause why
the petition should not be granted, the judge appeals.
Reversed and rendered.

A. LEO OBERDORFER, for appellant.  The objection that
mineral lands cannot be condemned in such proceedings
is untenable.—10 A. & E. Enc. of Law 1101; Sec. 3484,
Code 1907.  The right of appeal cannot be denied.—*Ex
parte Campbell,* 130 Ala. 171; *Mayfield v. Court of
County Commissioners,* 148 Ala. 550.  Defects in the
organization of a corporation renders the charter void-
able, but not void, and hence, it may not be avoided ex-
cept by the state on direct proceedings.—*State, ex rel.
v. Jebeles & Colias,* 150 Ala. 515; *Gelders v. The State,*
51 South. 232; 148 N. Y. 520.  The allegation that the

railroad company was not regularly organized is unwarranted by the facts alleged, and as a matter of law and a matter of fact, it is a regularly organized railroad company with the powers of condemnation.—66 L. R. A. 387; 47 N. J. L. 43; 6 L. R. A. 111; 46 N. W. 75; 18 N. W. 659; 88 Am. St. Rep. 918; 34 L. R. A. 368; 50 Am. St. Rep. 508; 84 Am. St. Rep. 722.  Its incorporation cannot be collaterally attacked in this proceeding. —Authorities supra, and *Goodwyn, Judge v. The State,* 145 Ala. 536.  Even if it could be raised in this proceeding, the question is a judicial one, and cannot be reviewed here.—1 Mayf. 736; 32 Cyc. 617.  Counsel discusses the right of the railroad company to condemn the curtilage of the garden, and cite authorities in support of his contention, but in view of the opinion it is not deemed necessary to set them out.

A. LATADY, for appellee.  Where the answer discloses that the subject of condemnation safeguarded by section 3489, is about to be invaded, the jurisdiction of the probate court is special and limited, and ought to be supported only where every fact necessary to such jurisdiction is averred and proven.—*McCulley v. Cunningham,* 96 Ala. 583.  The constitutional requirement of the right of private property, requires that the powers granted to a corporation be strictly pursued, and all prescribed conditions performed.—104 N. Y. 1; Neb. 416; 55 Barb. 45.  There was non conformity with the essential requirements of the governing statute, first, because the terminal points of the alleged road was not mentioned—Sub-division 8, sec. 3446, Code 1907; *London v. Sample L. Co.,* 91 Ala. 608; second, the names of the officers were not given in the certificate.—Sub-division 6, sec. 3446, Code 1907; third, the proposed subject of condemnation was within the protection of sec-

tion 3487, Code 1907, even as amended by Acts 1909, p. 19.—*Cook v. The State,* 83 Ala. 62; *Fisher v. The State,* 43 Ala. 17; see generally, 208 Pa. 81; 166 Pa. St. 430; 131 Pa. St. 437; 119 Pa. St. 287. The petitioner has not estopped herself through any relations with the fraudulent corporation, and should have the right to meet her adversary squarely in this proceeding.—*C. & C. G. Co.,* 121 Ala. 341. Prohibition is the proper remedy.—*B. R. & E. Co. v. Traction Co.,* 121 Ala. 475.

SIMPSON, J.—This appeal is from an order of the judge of the circuit court for Jefferson county for a rule nisi to the Judge of the probate court for Blount county, to show cause why a writ of prohibition should not be issued, prohibiting further prosecution of certain condemnation proceedings before said probate court. L. K. Moss, C. L. Moss and D. H. Brown, incorporators of the Warrior Mineral Railroad Company, and John H. Donoho, W. F. Fendley, and Robert Fowler, commissioners appointed by said probate judge, and said Warrior Mineral Railroad Company, are also made parties and included in said writ.

The petition alleges the incorporation of said Warrior Mineral Railroad Company, "setting out in their said alleged certificate of incorporation that they proposed to construct and operate a railroad for the carriage of passengers and freight between Linton Junction, and a point on the Louisville & Nashville Railroad, near the line of Jefferson county, Ala., by the nearest, most satisfactory, practicable, and feasible route, through the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 5, in township 14 S., range 2 W., to a point in the S. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 4, in township 14 S., of range 2 W., and to acquire rolling stock and other personal property, incident to the operation of a railroad, and arrogating to

themselves thereby the right to condemn lands for purposes of rights of way." The petition cites certain defects in the certificate of incorporation, such as that the termini of the railroad are not stated; that, while the names of certain parties are given as the officers chosen for the first year, yet it is not shown what particular office each holds, etc.

The gravamen of the petition is that, although said corporation has been formally organized as a railroad corporation, under the statutes of Alabama, yet that it was not organized in good faith to carry passengers and freight, but merely as an adjunct to a certain mining corporation, owned and controlled by the same persons, for the purpose of evading the statutes of Alabama, under which no corporation except a railroad corporation can condemn a right of way through the curtilage of a dwelling house, said line being projected so as to run through the dwelling house of petitioner, and that, although section 3875 of the Code of 1907 provides for an appeal from an order of condemnation, yet, as section 3876 provides that the order of condemnation shall not be suspended if the money be paid into court and a bond given as required, petitioner's dwelling house would be destroyed before she could prosecute the appeal.

"A prohibition is a remedy against an encroachment of jurisdiction, issued only from a superior court, is granted on the suggestion that the court to which it is directed has not the legal cognizance of the cause, and it is directed to the judge of the inferior court, as well as to the parties in the cause"; while an injunction "neither assumes any superiority over the court  *  *  *  * nor denies its jurisdiction, but is granted on the sole ground that from certain equitable circumstances, of which the court that issues it has cognizance, it is

[Kelton, Judge, et al. v. Tavel.]

against conscience for the party to proceed in the cause."
—1 Spelling on Extraordinary Relief, p. 50, § 40; 2
Spelling on Extraordinary Relief, p. 1395, § 1716.

"The writ of prohibition lies only when the inferior
court proposes to exceed its lawful jurisdiction, as to
the person or subject-matter, or in the enforcement of
its rulings in a manner or by a means not intrusted to
its judgment or discretion." "Injunction never ques-
tions the jurisdiction of the court, nor is addressed to
the court; it only lies against the parties. Prohibition,
on the contrary, takes no notice of the parties, ignoring
for the most part any interest they may have in the
matter forming the subject-matter of the grievance, and
goes directly against the court."—2 Spelling on Extra-
ordinary Relief, p. 1936, §§ 1716-1718.

The writ cannot issue for every illegality in the pro-
ceeding of an inferior court. "But there is a distinction
in this connection between the defect of jurisdiction
arising in pais, and such as are matters of law, and
hence determinable upon inspection of the record. The
general rule is that the writ of prohibition will not
issue to restrain an inferior judge from doing an act
when he has prima facie jurisdiction."—2 Spelling,
Extra. Rem. p. 1404, § 1724.

Accordingly, where the Southern Railway Company
sought to condemn the tracks of a street railway, and
the point was made that the statutes do not authorize
such jurisdiction, it was held that, as the court had
jurisdiction "of proceedings for the condemnation of
property to public use, it therefore had jurisdiction of
the subject-matter," and the writ was refusel.—*State
ex rel. Union Depot Railway Co. v. Southern Railway
Co.*, 100 Mo. 59, 61, 13 S. W. 398.

"The sounder doctrine, and that sustained by the
great preponderance of authority, is to the effect that

prohibition only lies where the court either lacks juris-
diction of the subject-matter, or, having jurisdiction,
exceeds it in some incidental matter, or in rendering
judgment, and no appeal or writ of error or other rem-
edy is available at all, or if available is inadequate to
meet the emergencies of the case, or to afford the re-
dress to which the injured party is entitled."—2 Spelling,
Extra. Rem. pp. 1004, 1405, § 1725.

In a case wherein it was sought to prohibit the cir-
cuit judge from proceeding in a mandamus case against
a probate judge, this court said: "The circuit court has
original jurisdiction of the remedy by mandamus against
inferior officers.  *  *  *  Invested, as it is, with this
general jurisdiction to hear and finally determine the
application in question, and as we are not able to af-
firm, from anything brought to our view by the record,
that it has, or is about to abuse, in any wise, the juris-
diction so conferred, we must leave it to the exercise of
its jurisdiction to the final determination of the case,
from which final determination any one feeling ag-
grieved thereby may pursue such revisory remedies as
the law may provide.  We will not inquire, on petition
for prohibition, into the merits of the controversy be-
fore the circuit court in the mandamus proceeding fur-
ther than to see that the court is proceeding within, and
is not, in any way, abusing the exercise of its jurisdic-
tion.—*Ex parte Due,* 116 Ala. 491, 493, 23 South. 2.

Without further multiplying authorities, we hold that
the probate court has jurisdiction of condemnation pro-
ceedings; that a company regularly organized as a rail-
road company, having the power to condemn the curtil-
age of a dwelling house, having proceeded regularly in
said court, it was proceeding in the regular course of its
jurisdiction, and the circuit judge should not have is-
sued the writ of prohibition.

[Kelton, Judge, et al. v. Tavel.]

If there were equitable circumstances, such as that the organization of the railroad company was a fraudulent attempt, under the forms of law, to appropriate the dwelling house of the petitioner to a really private use, that is a matter more appropriate to a proceeding in equity, and not to the common-law writ of prohibition.

The case of *Birmingham Railway & Electric Co. v. Birmingham Traction Co.*, 121 Ala. 475, 478, 25 South. 777, 779, is entirely in accordance with the principles above announced. The gravamen of that case is that a court of equity, in injunction proceedings, will not determine the question of the *jurisdiction;* but, if said probate court is *exceeding its jurisdiction,* the remedy is by writ of prohibition, and the court of equity will not "restrain a party to a cause in another jurisdiction, at the instance of the opposing party, from having the court to proceed to a final adjudication in the *absence of some special equity,* not cognizable by the court trying the cause." (Italics ours.)

Of course we do not decide whether there is a "special equity" in this case, which would warrant a court of equity to interfere, as that question is not before us, but only that, if the appellee has a special equity, his remedy is in a court of equity.

The judgment in this case is reversed; and a judgment will be here rendered, discharging the rule nisi granted by the judge of the circuit court.

Reversed and rendered.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, J. J., concur.