# McAdams *v.* Windham.

### *Bill to Vacate a Judgment at Law.*

(Decided February 4, 1915. 68 South. 51.)

1. *Judgment; Requisites; Process to Support.*—Relief may be obtained in equity by one who is able to show that the judgment or decree by which he is sought to be concluded was obtained in a suit, the pendency of which he had no notice, or knowledge, actual, or in some cases constructive, and that he had a meritorious defense thereto.

2. *Process; Verity; Return.*—The return of the sheriff imports, verity, and the party assailing it has the burden of showing its falsity, and must meet this burden by evidence sufficient to overcome the presumption arising from the fact that the return was in the line of the sheriff's duty as a sworn officer.

3. *Judgment; Equitable Relief; Burden of Proof.*—The evidence examined and held not to sustain the burden of showing that complainant was never served with any summons, and had no knowledge actual or otherwise, of the said suit before the levy of execution.

4. *Same; Diligence.*—The rule allowing a party to appeal to chancery against a judgment in another court is strict, and the party seeking it must himself be without fault or neglect.

5. *Appearance; Effect; Waiver of Process.*—A general appearance cures defects in service of process, and obviates the necessity of service, and such appearance may be made by an attorney, the entry of whose name on the margin of the docket opposite the name of the party defendant is in practice an appearance for such defendant, and his appearance is presumptive evidence of his authority to do so.

APPEAL from Lamar Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by H. E. McAdams against R. V. Windham to vacate a judgment against him in a court of law. Decree for respondent and complainant appeals. Affirmed.

FINCH & PENNINGTON, for appellant.

WALTER NESMITH, for appellee.

GARDNER, J.—Appellant (complainant in the court below) filed the bill in this case, the prime purpose of

which was the vacation of a certain judgment recovered by respondent, R. V. Windham, against him and one J. P. Grace in the circuit court of Lamar county.

(1) It is alleged in the bill, among other matters not necessary here to note, that the complainant was never served with any summons in the cause in the circuit court, and that he had no notice or knowledge of the pendency of said suit until his property was levied on under execution, and that no attorney had authority to appear in said suit for him. The bill further avers that complainant and one J. P. Grace had formerly been engaged in business, and such partnership became indebted to respondent, which was evidenced by the note upon which said suit was brought. It is then alleged that at the time said suit was instituted and said judgment rendered, he did not owe respondent anything; that said respondent had, prior to the commencement of said suit and the rendition of said judgment, for a valuable consideration, released complainant from any liability on said note or said indebtedness. Founded upon the plain principle of right and justice that no man shall be deprived of his goods until he has been given opportunity of making defense, one who is able to establish that the judgment or decree by which he is sought to be concluded was obtained in a suit of the pendency of which he had no notice or knowledge, "actual, or in some cases constructive," and that he had a meritorious defense thereto, may obtain relief in a court of equity.—*McDonald v. Cawthorn*, 152 Ala. 357, 44 South. 395; *Dunklin v. Wilson*, 64 Ala. 162.

(2) In the instant case the return of the sheriff upon the summons and complaint in the suit upon which judgment was rendered shows service on this complainant February 5, 1910.

"The return of the sheriff imports verity, and the burden of proving it to be false rests on the party assailing it, and must be discharged by evidence sufficient to overcome the presumption arising from the fact that it was made in the line of his duty by a sworn officer."—*Paul v. Malone & Collins*, 87 Ala. 544, 6 South. 351; *Dunklin v. Wilson, supra; Stephens v. Cox*, 124 Ala. 448, 26 South. 981.

(3) Complainant testifies that he was not served and had no notice or knowledge of the pendency of the suit. He offers testimony of J. T. Hill, who was sheriff at the time, who states he had no recollection of handling the papers in that case. He further testified, however, that A. J. Guyton was his regularly employed deputy at that time. Guyton testifies he did serve complainant with the summons and complaint in that particular suit. To quote his language: "I went down there for the special purpose of serving the complaint in that case on Mr. McAdams."

(4) In addition to this it appears that the case was continued at fall term, 1910, of the circuit court, and that one Milner, a practicing attorney filed pleas in August, 1910, as counsel for complainant, setting up as a defense, among other matters, a release from liability. These pleas were signed by Milner "attorney for defendant, H. E. McAdams."

"A general appearance cures defects in service of process, and obviates the necessity of service. * * * An appearance may be made by an attorney, and the entry, on the margin of the dockets of the court, of the name of an attorney, opposite the name or names of the parties defendant, is accepted in practice as an appearance for such party or parties. * * * His appearance is presumptive evidence of his authority

to do so."—*Ashby Brick Co. v. Ely & Walker, etc., Co.,* 151 Ala. 272, 44 South. 96.

Milner testifies that, as he understood it, complainant had employed him to represent him in that case, but complainant denies he had so employed him. Clear it is he had spoken to Milner about the matter of the note indebtedness and a defense thereto, and had advised with him in regard to same, and after judgment, when levy was made, he again advises with Milner concerning the matter. Milner testifies, further, that he notified complainant of the day his case was set for trial.

(5) As quoted in *De Soto Coal Mining Co. v. Hill,* 188 Ala. 669, 65 South. 988, from *Watts v. Gayle,* 20 Ala. 817: "The rule allowing parties to appeal to chancery against a judgment in another court is of great strictness and inflexibility, and it is necessary that it should be so, as otherwise the jurisdiction of that court would soon supplant that of all other tribunals."

The party seeking relief must himself be without fault or neglect. The diligence he is required to exercise may be seen by examination of the cases cited in *Henley v. Chabert,* 189 Ala. 258, 65 South. 993.

Here, at the threshold of the case, the burden rested upon complainant to reasonably statisfy the judicial mind that he had no notice or knowledge of the suit, and if no notice actually served, then that appearance of counsel for him, etc., in the case was without his authority. A detail discussion of the evidence upon this question would serve no good purpose. Suffice it to say, a careful consideration has been given the evidence in the case, including that of witness W. K. McAdams, and we are persuaded that the complainant has failed to meet the burden resting upon him in these particulars, and that therefore his bill was properly dismissed.

Other questions argued need, of course, no consid-

eration, as this conclusion is fatal to any relief. Upon the other matters, therefore, no opinion need be, and is not, expressed.

The decree of the chancery court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.