# Reed v. Hammond.

### Assumpsit.

(Decided April 20, 1916.  71 South. 692.)

1. **Judgment; Default; Motion to Set Aside.**—A motion, after suffering default judgment, for a new trial on the ground that the finding was contrary to the evidence, and that defendant had a meritorious defense but was prevented by surprise, accident or mistake, from making it before the court's final finding, but which fails to state any fact in support of the prayer for relief, was demurrable.

2. **Same.**—In such a case, where it did not appear that the petitioner offered to amend the motion, the court properly dismissed it.

3. **Same; Setting Aside Denial.**—A motion to set aside an order denying a rehearing after a default judgment, not accompanied by an offer to amend petition by sworn statement of the facts showing a good and meritorious defense to the action, was properly denied.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Assumpsit by Bell Hammond against John B. Reed. Default judgment for plaintiff, and from rulings of the circuit court sustaining a demurrer to the defendant's petition for a rehearing, dismissing the petition, and overruling a motion to set aside the former order and allow an amendment to the petition, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The original motion for new trial is based on the following grounds: (1) The finding of the court is contrary to the evidence

[Reed v. Hammond.]

in the case. (2) That defendant, without fault on his part, and having a meritorious defense to the case, through surprise, accident, or mistake, was prevented from making said defense before the final findings of the court.

Demurrers were interposed to this motion, and were sustained. The motion was filed February 2, 1915, and demurrers sustained and motion dismissed February 13, 1915. On February 25, 1915, the movant appeared, and moved the court to set aside the order made on February 13th, and permit defendant to amend his motion for new trial so as to show, among other things, that before the judgment was entered, the attorney for defendant had died, and that defendant did not become aware of the death of his attorney of record until about the middle of January, 1915, some time after the judgment had been entered against defendant, and, in support of said motion, to permit defendant to file affidavit. This motion was also denied.

DOUGLASS & RAY, for appellant. A. LEO OBERDORFER, for appellee.

SOMERVILLE, J.—This appeal is from rulings of the circuit court sustaining a demurrer to appellant's petition for a rehearing under section 5372 of the Code, and dismissing the petition, and overruling his motion, made 12 days later, to set aside the former order and allow an amendment to the petition.

(1, 2) The original petition was fatally defective in its failure to state any facts in support of its prayer for relief, and was subject to the demurrer.—*Chastain v. Armstrong*, 85 Ala. 215, 3 South. 788. It does not appear that petitioner then offered to amend the petition, and it was properly dismissed.

(3) Conceding, without deciding, that the entertainment of his subsequent motion to set aside that order was not within the discretion of the court, nevertheless it was without merit, because it was not accompanied by an offer to amend the petition in such manner as to correct one of its substantial and fatal defects, viz., by a sworn statement of the facts showing that petitioner had a good and meritorious defense to the action, and that the judgment was therefore inequitable.—*Dunklin v. Wilson*, 64 Ala. 162; *Chastain v. Armstrong*, 85 Ala. 215, 3 South. 788; Code, § 5373.

As to the rulings complained of, the trial court does not appear to have been in error, and the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.