(93 South. 823)

### KING v. DENT et al.   (6 Div. 562.)

(Supreme Court of Alabama.   June 8, 1922. Rehearing Denied June 30, 1922.)

1. **Judgment ⬤══419—Equity may annul, where judgment defendant has meritorious defense, but received no notice of action.**

A bill to annul a judgment will lie on ground judgment defendant had no notice of the action and had a meritorious defense.

2. **Judgment ⬤══460(10)—Judgment defendant suing to annul must aver and prove meritorious defense and lack of service.**

Judgment defendant, who sues to annul a judgment for want of notice must aver and prove want of service, and that he had meritorious defense.

3. **Process ⬤══148—Deputy's return showing service not impeached merely by defendant's denial or denials of other defendants.**

Deputy's return showing effective service is not impeached by defendant's denying service, notwithstanding slight corroborative effect of fact he took no action until several years after judgment; nor can a particular denial be bolstered by other defendants' denials of their service.

4. **Execution ⬤══291—Complainant may redeem land sold under execution during pendency of suit to annul execution judgment.**

Complainant has right to redeem land sold under execution during pendency of bill to annul execution judgment.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by C. L. King against George H. Dent and others to set aside a judgment at law. From a decree denying relief, complainant appeals. Affirmed.

Theodore J. Lamar, of Birmingham, for appellant.

To bind a defendant personally by a judgment, when he was never personally summoned, nor had notice of the proceeding, would be contrary to the first principles of justice. 14 How. 334, 14 L. Ed. 444. Estoppels must be certain to every intent, and are not to be sustained by argument of inference. Vena, Estoppel, A2; 4 Kent. Com. 265; Bigelow, Estoppel (3d Ed.) 302; 100 Mo. 141, 13 S. W. 497.

James H. Willis, of Birmingham, for appellees.

In order to have judgment set aside, complainant must not only prove that he was not served, and had no knowledge or notice of the suit, but must aver and prove that he had a meritorious defense. 64 Ala. 162; 50 South. 56; 8 Ala. 500; 152 Ala. 357, 44 South. 395; 8 Ala. 767, 42 Am. Dec. 666; 67 Ala. 548. The appearance of an attorney is evidence of his authority to appear. 191 Ala. 287, 68 South. 51.

McCLELLAN, J. [1] The bill in this cause, often amended, was filed by appellant against Dent and others to vacate and annul a judgment at law against appellant and others, on the ground that appellant had no notice or knowledge whatsoever of the institution or pendency of that action and that to such action appellant had a meritorious defense. Bills so designed carrying efficient averments for the purpose, serve to invoke equity's powers to vacate judgments at law. Dunklin v. Wilson, 64 Ala. 162; Rice v. Tobias, 83 Ala. 348, 3 South. 670; McAdams v. Windham, 191 Ala. 287, 68 South. 51.

[2] To prevail under this doctrine the complaining judgment defendant must aver and sustain in the proof that he was not served as the law requires and that he had a meritorious defense.

[3] Apart from the more vigorously contested issue of appellant's possession of a meritorious defense, the appellant (complainant) failed to carry the burden to establish the absence of service of process in the action at law. The return of the deputy sheriff

---

⬤══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

showed effective service upon appellant in that action. The only positive evidence to the contrary was that of appellant, denying service and all knowledge of the pendency of the action at law. Because of the high sanction with which the courts regard regular returns of the service of process, the impeachment of a return must be supported by more definite or corroborating evidence that the denial of the person whom the return recites was served. Dunklin v. Wilson, supra. An attorney filed demurrers to the complaint in the action at law wherein he purported to appear for the "defendants," one of whom appellant was. Appellant denied the employment of this attorney. The attorney was not examined, nor was his absence accounted for. The fact that appellant took no action in the matter until the levy was made in 1917— several years after the judgment was entered —is a circumstance of such inconclusive probative effect as to be of little value in the impeachment of the regular return of service of the process. The fact that one or more of the other individual defendants in the action at law testified, however truly, that he or they were not served, was not effective to show no service of process on this appellant. Having failed to establish this primary essential to the relief sought by the bill, the decree refusing vacation of the judgment was well rendered.

[4] Under the circumstances (sale of land under execution during the pendency of this bill) the court correctly assured appellant a right to redeem the land so sold.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.