**HILL v. WITTMEIER et al.** (6 Div. 850.)

(Supreme Court of Alabama. May 3, 1923.)

**1. Prohibition ☞3(1)—Is extraordinary writ, issued only when no other adequate remedy exists.**

The writ of prohibition is an extraordinary writ, and is issued only when the parties seeking it are without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal.

**2. Prohibition ☞5(2)—Issuance of execution by justice of peace ministerial act. against which prohibition will not issue.**

Alleged unlawful issuance of execution by justice of the peace is a ministerial act, for the prevention of which prohibition will not issue.

**3. Evidence ☞44—Justices of the peace, authority, and term judicially known.**

The court judicially knows justices of the peace, the extent of their authority, and when their terms commence and expire.

**4. Justices of the peace ☞135(4)—Prohibition ☞3(1)—Injunction, and not prohibition, remedy to prevent issuance of execution.**

Injunction, and not prohibition, is the appropriate remedy to prevent issuance of execution by justice of the peace.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Petition of J. A. Hill for writ of prohibition against J. S. Wittmeier and others. From the judgment sustaining demurrers and dismissing the writ, petitioner appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Appellant filed this petition in the court below, seeking the issuance of a writ of prohibition against one Swann, justice of the peace for beat No. 12, Blount county, as well as the sheriff of said county and one Wittmeier. The petition set forth, in substance, that in January, 1922, said Swann, as justice of the peace, did issue out of said justice court an execution which purports on its face to be based on a judgment entered in the justice court of one Bellenger of said beat No. 12, wherein J. S. Wittmeier was plaintiff and petitioner the defendant, said judgment bearing date February 21, 1919, and that execution had been placed in the hands of the sheriff, and levy on personalty made. The petitioner further alleges that he was never served with any summons or complaint, and had no notice of the suit, and therefore the judgment is void and the execution erroneously issued, and that, prior to filing this petition, he had moved in the justice court to quash the execution, which motion the court had denied.

By this petition for a writ of prohibition the appellant sought to prevent further pro-

ceedings in said cause under said execution issued, and to be absolved from further liability on said judgment. Appropriate demurrers were interposed challenging the sufficiency of the petition as one not showing a just cause for the issuance of the writ of prohibition. The demurrers were sustained, and, petitioner declining to plead further, the preliminary writ issued was quashed, and the petition dismissed. From this judgment the petitioner has prosecuted this appeal.

James Kay, of Oneonta, for appellant.

The court attempted to proceed in a matter without having jurisdiction over the person or subject-matter, and the writ of prohibition is the proper remedy. Code 1907, § 4864; Ex parte Campbell, 130 Ala. 196, 30 South. 521; Ex parte Lyon, 60 Ala. 650; Ex parte Greene, 29 Ala. 52; Hill v. Tarver, 130 Ala. 592, 30 South. 499; Ex parte Walker, 25 Ala. 81.

Russell & Johnson, of Oneonta, for appellees.

The writ of prohibition will not issue to prevent ministerial and executive acts of officers. State ex rel. Turner v. Bradley, 134 Ala. 549, 33 South. 339; Kelton v. Tavel, 174 Ala. 259, 56 South. 1021; Atkins v. Siddons, 66 Ala. 453:

GARDNER, J. [1] The writ of prohibition is an extraordinary writ, and is only issued when the parties seeking it are without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal.

In Atkins v. Siddons, 66 Ala. 453, in speaking of this writ, the court said:

"It can never be invoked to prevent proceedings which are purely ministerial in their nature, but only those which are of a judicial character. The issue of an execution by a justice of the peace is a ministerial, not a judicial, act; and the writ of prohibition will not, therefore, lie to prevent its issue, however illegal or unauthorized, and whether such process be void or voidable."

To like effect, see State ex rel. Turner v. Bradley, 134 Ala. 549, 33 South. 339.

[2] The petition in the instant case discloses that the foundation therefor rests upon the alleged unlawful issuance of execution by the respondent Swann, justice of the peace of beat 12, Blount county. The Atkins Case, supra, is directly in point to the effect that such was a ministerial act for the prevention of which the writ of prohibition is inappropriate.

[3] Moreover this court is presumed to judicially know the various commission officers, including justices of the peace, as well as the extent of their authority, when terms commence and expire. Cary v. State, 76 Ala. 78; Sandlin v. Anderson-Green & Co., 76 Ala. 403; Lucas v. Boyd, 156 Ala. 427, 47 South. 209.

For aught that appears in the petition, the execution issued by respondent Swann was merely an alias execution issued under the authority of section 4685 of the code of 1907, under a judgment rendered by his predecessor, and, indeed, the only attack upon this judgment is the fact that petitioner had not been served with any notice of the suit.

"Prohibition being an extraordinary remedy is only granted * * * in case of necessity; therefore the existence of another adequate ordinary remedy, or of a more appropriate extraordinary remedy, will make it the duty of the court to deny the writ." 2 Spelling on Extraordinary Relief, § 1727; Kelton v. Tavel, 174 Ala. 259, 56 South. 1021; Ex parte Smith, 34 Ala. 455.

[4] It would appear, therefore, that, under the facts as set forth in the petition, a bill for injunction is the more appropriate relief. McAdams v. Windham, 191 Ala. 287, 68 South. 51; Kelton v. Tavel, supra.

The demurrer to the petition was properly sustained, and the judgment will accordingly be here affirmed.

Affirmed.

McCLELLAN, SAYRE, and MILLER, JJ., concur.