### IKARD v. WALKER et al. (8 Div. 637.)

(Supreme Court of Alabama. April 16, 1925.)

Judgment ⬤⟿460(6)—Cross-bill for nullification of judgment insufficient, where not showing that defendant had meritorious defense.

In suit for enforcement of judgment, cross-bill for nullification of judgment on ground that cross-complainant never authorized any one to appear for her is insufficient, where it did not show that she had a good and meritorious defense to the action.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Bill in equity by Carlton Walker and another against Emma Ikard and another, with cross-bill by Emma Ikard. From a decree sustaining a demurrer to her cross-bill, cross-complainant appeals. Affirmed.

The appellees filed their bill of complaint against the appellant and her husband, Edd Ikard, alleging that they recovered a judgment against the respondents on May 19, 1921, for the sum of $4,124.40, in the circuit court of Madison county, which was recorded on May 21, 1921, and which had become a lien on certain lands belonging to respondents. The bill exhibits the judgment in question, which recites:

"Come the parties by their attorneys, and by agreement of the parties the plaintiffs are to have and recover judgment against the defendants in the sum of $4,124.40, as per agreement on file. It is therefore considered, ordered and adjudged, etc."

The agreement referred to is also exhibited, and shows mutual covenants besides the agreement for judgment. It purports to be signed by Edd Ikard, Emma Ikard, by Edd Ikard, and by the plaintiffs.

The prayer of the bill is for the enforcement of the judgment lien by a sale of the lands under decree of the court.

The respondent, Emma Ikard, filed a special plea, alleging that, "until the service of the summons in this cause upon her she was not aware of the fact that any suit had ever been brought against her, * * * (and) that she did not authorize Edd Ikard or any other person to appear in said cause and plead for her."

She also filed a statement, requesting that it be taken as her cross-bill, alleging that "she never had any knowledge of the fact that a suit was brought against her in the cause wherein a judgment was rendered against her;" and further that "she never authorized Edd Ikard or any other person to make a written agreement for her in said cause."

The prayer of the cross-bill is for the nullification of the judgment and of the written agreement exhibited.

Complainants demurred to the cross-bill on the grounds, substantially, that it is without equity; that it does not deny that cross-complainant owes the debt for which the judgment was rendered; that it is not shown that cross-complainant has a meritorious defense to said cause of action; that it is not alleged that said Edd Ikard was not her agent or attorney to appear and plead in her behalf; that it does not appear that she has been diligent to protect her rights in the premises; that a cross-bill is unnecessary; that cross-complainant does not offer to do equity.

The demurrer was sustained on the ground that the cross-bill fails to show a meritorious defense to the judgment assailed.

David A. Grayson, of Huntsville, for appellant.

Counsel argues for error in the decree, but without citing authorities.

R. E. Smith, of Huntsville, for appellees.

The cross-bill does not aver that cross-complainant had a meritorious defense to the claim of cross-respondent, and was subject to demurrer. Dunklin v. Wilson, 64 Ala. 162; Prudential v. Kerr, 202 Ala. 259, 80 So. 97.

SOMERVILLE, J. The trial court correctly ruled that the cross-bill was substantially defective by reason of its failure to show that the cross-complainant—the judgment debtor—had a good and meritorious defense to the action. This requirement is thoroughly and soundly established by our decisions, and can no longer be a subject of controversy. Dunklin v. Wilson, 64 Ala. 162, 168; McAdams v. Windham, 191 Ala. 287, 68 So. 51; Reed v. Hammond, 196 Ala. 302, 71 So. 692; Ingram v. Ala. Power Co., 201 Ala. 13 [5], 75 So. 304; Prudential, etc., Co. v. Kerr, 202 Ala. 259, 80 So. 97, citing the cases.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The demurrer to the cross-bill was properly sustained, and the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.