(117 So. 197)

### BASTIAN–BLESSING CO. v. GEWIN.
### (6 Div. 148.)

Supreme Court of Alabama. May 24, 1928.

1. **Process ⚙══149—Ordinarily sheriff's return showing service of process will prevail over denial of service by party alleged to have been served.**

Ordinarily, where sheriff's return made by deputy shows service of process and deputy testifies to truth of return, return will prevail over denial of service by party alleged to have been served.

2. **Judgment ⚙══461(4)—Proof of failure to serve process must be clear and convincing to entitle defendant to relief from decree pro confesso.**

Proof of failure to serve must be clear and convincing to entitle defendant to relief from decree pro confesso.

3. **Appeal and error ⚙══914(1)—Presumption of correctness of trial court's decree in determining that process was not served outweighs presumption in favor of sheriff's return.**

Where chancellor after hearing witnesses has determined that process was not served on defendant seeking relief from decree pro confesso on appeal, presumption of correctness of decree of trial court outweighs presumption in favor of sheriff's return.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill for injunction by William C. Gewin against the Bastian-Blessing Company. From a decree for complainant, respondent appeals. Affirmed.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

A sheriff's return imports verity, and the burden of proving its falsity rests upon the party assailing it. King v. Dent, 208 Ala. 78, 93 So. 823; McAdams v. Windham, 191 Ala. 287, 68 So. 51; Stephens v. Cox, 124 Ala. 448, 26 So. 981; Paul v. Malone, 87 Ala. 544, 6 So. 351; Dunklin v. Wilson, 64 Ala. 162; Brown v. Turner, 11 Ala. 752; 32 Cyc. 315. The uncorroborated testimony of the party assailing the return is not sufficient evidence to impeach it. Holland-Blow v. Whitman, 210 Ala. 108, 97 So. 52; Tatum v. Curtis, 9 Baxt. (68 Tenn.) 360.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

The general rule that uncorroborated testimony of the party assailing is not sufficient evidence to impeach a sworn return, is directory merely and not mandatory. Holland-Blow v. Whitman, 210 Ala. 108, 97 So. 52; Eidson v. McDaniel, 216 Ala. 610, 114 So. 204. The weight of evidence is not to be measured by mere count of witnesses, and the question of its sufficiency is wholly for the tribunal that tried the facts. A. G. S. v. Frazier, 93 Ala. 45, 9 So. 303, 30 Am. St. Rep. 28. The evidence being ore tenus, the judgment of the trial court has the weight of a jury verdict. Cox v. Stollenwerck, 213 Ala. 390, 104 So. 756; London v. State, 214 Ala. 673, 108 So. 587.

SAYRE, J. Appellee by his bill sought relief against a decree pro confesso by which he had been held liable in part for the debts of an insolvent corporation. He averred that there had been no service of process upon him, that he had no knowledge or notice of the proceeding until final decree had been rendered and execution issued, and that he had a good and meritorious defense, the details of which need not be stated at this time, since the controversy in this court turns upon the question of service vel non.

[1] The sheriff's return, made by a deputy,

---
⚙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

showed service of process. The deputy testified to the truth of the return. Appellee denied that he had been served. There was little of peculiar circumstance to turn the scale one way or the other. Ordinarily, in such case, the return has been allowed to prevail, for otherwise the judgments and decrees of the courts of the country would rest upon very insecure bases. Dunklin v. Wilson, 64 Ala. 162, 169; King v. Dent, 208 Ala. 78, 93 So. 823; Holland-Blow Stave Co. v. Whitman, 210 Ala. 108, 97 So. 52; Eidson v. McDaniel, 216 Ala. 610, 114 So. 204.

[2, 3] In the present case the court—the circuit judge sitting as chancellor—heard the two witnesses ore tenus. He must have determined that the proof of appellee's case was "clear and convincing," for that is the measure of proof required (Wise v. Miller, 215 Ala. 660, 111 So. 913), and in such case the rule of this court has been to accord to the ruling and decree of the trial court a presumption of correctness outweighing the presumption in favor of the sheriff's return. Cases, supra. In the light of the foregoing authorities, the court has considered the record in this cause and is unwilling to hold the decree for error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.