74 So.2d 704

**J. W. HOWARD**

v.

**E. L. DRINKARD, Sr., et al.**

**6 Div. 629.**

Supreme Court of Alabama.

June 17, 1954.

Rehearing Denied Oct. 7, 1954.

favor of the correctness of a sheriff's return, and the party challenging it, whether at law or equity, has the burden of establishing lack of service by clear and convincing proof. Bastian-Blessing Co. v. Gewin, 217 Ala. 592, 117 So. 197; Gray v. Handy, 204 Ala. 559, 86 So. 548; Dunklin v. Wilson, 64 Ala. 162. Accordingly, the general rule is that the return will not be invalidated upon the uncorroborated statement of the party denying service. Eidson v. McDaniel, 216 Ala. 610, 114 So. 204; King v. Dent, 208 Ala. 78, 93 So. 823.

■ And, of course, a favorable presumption of correctness attends the ruling of the trial court on a hearing ore tenus, whether his decision sustains or overturns the return. Eidson v. McDaniel, supra; Bastian-Blessing Co. v. Gewin, supra.

In the instant case, the sheriff's return endorsed on the original summons and complaint showed service on the defendant (appellant here) on November 23, 1951. Appellant admitted that two Deputy Sheriffs came to see him on or about that date, but testified that they did not hand him any papers, but later did admit that on this occasion he was handed a witness subpoena in another case. The two Deputies were under the impression the witness subpoena was at another time. The countervailing testimony to sustain the fact of service was rather convincing. The Chief Deputy Sheriff testified that on the occasion involved he and another Deputy went to the home of appellant and served him with a copy of the summons and complaint. This latter mentioned Deputy testified that he saw the Chief Deputy hand a copy of the summons and complaint to the appellant. The evidence was without dispute, that these Deputies took the appellant, in their car, to the office of W. C. Griffith, in Hanceville, Alabama, for the purpose of making out a replevin bond involved in the law action. When the bond had been executed, the Deputies returned to the Court House in Cullman, Alabama. These Deputies both testified that along the way to Cullman, the copy of the summons and complaint, which they had previously served on the appellant, was seen

H. A. Entrekin, Cullman, for appellant.

Bland & Bland, Cullman, for appellees.

SIMPSON, Justice.

The appellant filed this bill, in Equity, to vacate and annul a judgment by default entered against him in a law action on January 2, 1952, on the ground that he was never served with process in said suit. The bill, also, asked that the mortgage note, which formed the basis of the law action, be declared void. The testimony was taken orally before the court and the court decreed that the complainant had been duly served with process. Relief was, therefore, denied and the bill dismissed.

■ The law governing is well recognized. A strong presumption is indulged in

lying on the back seat of their car, where the appellant had been seated when he made the journey to Griffith's office to make out the bond.

Thus, it is seen that this case comes to us buttressed by two presumptions: One in favor of the Sheriff's return, and another, in favor of the trial court's finding of a valid service. In view of the law governing and the evidence adduced, we are not disposed to disturb the decree of the lower court.

It, of course, necessarily follows that the complainant's prayer for incidental relief must likewise be denied.

Appellant makes some argument for error because the trial court ordered the taking of the testimony orally before him, rather than pursuing the complainant's motion to take it before a Commissioner. The court's action was clearly authorized by Equity Rule 56, Code 1940, Tit. 7 Appendix. Ex parte Foshee, 246 Ala. 604, 21 So.2d 827.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.