This appeal is from the denial of a motion to set aside a default judgment. We affirm.
Appellee Citizens Bank filed suit in the Circuit Court of Lawrence County against appellant Guy H. Speegle and his son, Guy Jo Speegle, on January 13, 1975, for $2,834.34 due on a promissory note. The case was designated as Civil Action No. 75-108. A default judgment was entered by the clerk of the circuit court under Rule 55 (b)(1), ARCP, on April 10, 1975, for $1,881.62.
On July 22, 1975, Guy H. Speegle, one of the defendants against whom default judgment had been rendered, filed a separate suit against Citizens Bank to set aside the *Page 456 
judgment in Case No. 75-108 and to return to him funds withheld by a garnishment. The complaint alleged that plaintiff had not been served personally with the summons and complaint and had no knowledge of the action until served with a writ of garnishment. Answer was filed by the defendant and after hearing the witnesses orally, the court rendered a judgment denying the motion to set aside the default judgment. Guy H. Speegle appeals.
Examination of the record reveals that though plaintiff sought relief by means of a separate suit, it is in substance and effect a motion for relief from judgment provided by Rule 60 (b) ARCP, and apparently the trial judge so treated it.
The question raised by appellant is whether the trial court abused its discretion in denying the motion to set aside the judgment.
The trial court took judicial notice of the summons and complaint as part of the records of the court. The return is as follows:
 "Executed this 22 day of January, 1975, by serving a copy of the within Summons and Complaint with
Guy Jo Speegle
Guy Speegle
Defendant__
Harold Terry
Sheriff.
Jerry Hale and Dwight Hale
Deputy Sheriff"
Appellant Guy Speegle testified that he had signed a promissory note with his son to enable him to purchase a car; that around January 22, 1975, he was served with a "summons or subpoena" by deputy Dwight Hale which "had nothing to do with no suit;" that he had twice been served with subpoenas in a criminal action in which he was the prosecuting witness; that the only paper he had ever been served with in relation to this suit had been a note of garnishment that he could not read the summons and complaint when his attorney showed it to him but had never been served anything like that. Mrs. Guy H. Speegle testified she had never seen anyone serve a summons and complaint by the bank against the Speegles, had never found one and had no knowledge of one, and that the same deputy had served two subpoenas on her husband. Guy Jo Speegle testified that deputy Dwight Hale had served him with one copy of the summons and complaint around January of 1975 in the presence of one of his uncles; that he lives in a trailer within sight of his father's house but never observed the deputy going to his father's house; that he never said anything to his father about being served with the suit; and that he never answered or contested the claim. Neither party called deputy Dwight Hale to testify.
Appellant's motion alleges the court lacked personal jurisdiction to render judgment against him and thus the default judgment is void.
Numerous Alabama cases have stated that to set aside a default judgment as void for lack of personal jurisdiction the moving party must aver and prove want of service, notice or knowledge of the suit as well as averring and proving a good, valid or meritorious defense. See Gordon v. Halstead, 283 Ala. 578, 219 So.2d 629 (1969); Colonial Life Accident Ins. Co. v.Armstrong, 271 Ala. 136, 122 So.2d 517 (1960); Hawkins v.Sanders, 260 Ala. 585, 72 So.2d 81 (1954); Murphree v.International Shoe Co., 246 Ala. 384, 20 So.2d 782 (1945);Jaffe v. Leatherman, 226 Ala. 182, 146 So. 273 (1933); Eidsonv. McDaniel, 216 Ala. 610, 114 So. 204 (1927); King v. Dent,208 Ala. 78, 93 So. 823 (1922); Prudential Cas. Co. v. Kerr,202 Ala. 259, 80 So. 97 (1918); Ingram v. Alabama Power Co.,201 Ala. 13, 75 So. 304 (1917); McAdams v. Windham, 191 Ala. 287,68 So. 51 (1915); Fields v. Henderson, 161 Ala. 534,50 So. 56 (1909); Dunklin v. Wilson, 64 Ala. 162 (1879). This view has continued even after the adoption of the Alabama Rules of Civil Procedure. Modernage Homes v. Wooldridge, 55 Ala. App. 68,313 So.2d 190 (1975).
There is a strong presumption in favor of the correctness of the sheriff's return, and the party challenging it has the burden of establishing lack of service by clear and convincing proof. 62 Am.Jur.2d, *Page 457 Process, § 181; 72 C.J.S., Process § 102; Howard v. Drinkard,261 Ala. 555, 74 So.2d 704 (1954); Bastian-Blessing Co. v.Gewin, 217 Ala. 592, 117 So. 197 (1928); Modernage Homes v.Wooldridge, supra.
The return with which we are concerned here states "a copy" was served on both defendants. This may mean that only one copy was served or that each defendant was served with a copy. Where the return is susceptible of different meanings, that meaning which is most conformable to the officer's legal duty will be adopted. Farmers' State Bank v. Inman, 207 Ala. 284, 92 So. 604
(1922). Personal service on each individual defendant was required here. Rule 4 (c)(1), ARCP. There is a presumption of regularity that an officer performed his duty, that what ought to have been done was not only done but rightly done. 62 Am.Jur.2d, Process, § 170. The mere fact that a return contains the names of both defendants is not sufficient where the entire return indicates but single service. 62 Am.Jur.2d, Process, § 167. That a copy was executed on the parties is sufficient to give the court jurisdiction to render a default judgment.Florence v. Paschal, 50 Ala. 28 (1873). From the face of the return it could be found that service was had by leaving a copy of the summons and complaint with each of the two defendants.
In a case such as this where the trial court has heard the evidence ore tenus, the findings reach us with a presumption of correctness. Howard v. Drinkard, supra; Bastian-Blessing Co. v.Gewin, supra; Modernage Homes v. Wooldridge, supra. The evidence is insufficient to overcome the presumption.
We therefore affirm the judgment denying the motion to set aside the judgment by default.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.