A default judgment was entered against defendants, Sam Raine, Jr. and Norman Ceravolo, in favor of plaintiff, First Western Bank, for $30,040.48 and costs. Defendants' 60 (b) motion to set aside entry of default was denied by the trial court and this appeal follows. Plaintiff moves this Court to dismiss the appeal as untimely filed. The motion to dismiss is denied; however, the trial court's denial of defendants' motion to set aside the default is hereby affirmed.
The lawsuit below was based on a default by B B Coal Co., Inc., Billy Hyche and Billy Kirby, as makers, on the payment oftwo promissory note and security agreements held by plaintiff Bank. The first (and only note involved on this appeal) was "endorsed" by the defendants Raine and Ceravolo when the note was executed. Collateral consisting of mining equipment and several vehicles located in Tuscaloosa County secured this note. On two different occasions, without notice to the defendants, a secured vehicle was released from the agreement by the plaintiff Bank.
On August 3, 1976 the plaintiff filed suit against these parties (against Raine and Ceravolo on the first note only) in Tuscaloosa County Circuit Court. The pertinent part of the complaint follows:
 1. Plaintiff holds a security interest and is entitled to the immediate possession of the following described property:
[collateral described]
 2. (a) On or about the 28th day of January, 1976, Defendants, B B Coal Company, Inc., Billy Hyche, Sam Raine, Jr., and Norman Ceravolo, executed a Promissory Note and Security Agreement to Plaintiff in the sum of Forty Eight Thousand, Four Hundred, Twenty-Nine and 78/100 ($48,429.78) Dollars, . . . The aforementioned note and security agreement provided, among other things, that a security interest in the above described property listed in paragraph 1 hereinabove was being granted the Plaintiff to secure the payment on said note and all other amounts due or to become due under said note. . . .
Detinue bond was signed and an Order for Writ of Seizure pursuant to the complaint and 64 (b), ARCP decreed. A return of service of process was made by a Jefferson County Deputy Sheriff certifying that these defendants were personally served in Birmingham on August 11, 1976. A year later, on August 10, 1977, default judgment was entered against the defendants and a Writ of Inquiry issued for ascertainment of damages. These damages were assessed and entered on September 9, 1977.
On September 30, 1977 the defendants moved to set aside the entry of default. This motion, as later amended, claimed in essence that the default judgment was void or invalid, that the court made a mistake in rendering judgment on the complaint, and that meritorious defenses were available to the defendants.
A hearing on the motion was held November 22, 1977. After a brief was filed by the defendants on December 5, 1977 the trial court took the matter under advisement, *Page 848 
and on January 23, 1978 entered its order overruling and denying the motion to set aside the default judgment.
The defendants filed notice of appeal to this Court on February 21, 1978.
The plaintiff contends that the defendants' notice of appeal on February 23, 1978 was filed after the forty-two day period of Rule 4, ARAP, and hence was untimely. It is clear from the record, however, that the appeal was timely made.
Except as otherwise provided therein, Rule 4 (a)(1), ARAP requires that:
 [I]n all cases in which an appeal is permitted by law as of right to the Supreme Court . . . the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (six weeks) of the date of the entry of the judgment or order appealed from. (emphasis added)
Rule 3 (c), ARAP requires the notice of appeal to specify among other things the judgment, order or part thereof appealed from. Defendant filed notice of appeal on February 23, 1978 from the order denying the motion to set aside the defaultjudgment. This was well within the forty-two day period measuring from January 23, 1978, the day the order denying the motion was handed down.
On the question of whether the order appealed from was an appealable order that issue was decided in Cockrell v. World'sFinest Chocolate Co., Inc., 349 So.2d 1117 (Ala. 1977). Seealso, Greenspahn v. Joseph E. Seagram Sons, 186 F.2d 616 (2d Cir. 1951); Wright Miller, Federal Practice and Procedure:
Civil § 2871. It is equally well-settled that the denial of a 60 (b) motion does not bring up for review on appeal the correctness of the judgment which the movant seeks to set aside, but is limited to deciding the correctness of the order from which he appeals. Cockrell, supra; Coosa Marble Co., Inc.v. Whetstone, 294 Ala. 408, 318 So.2d 271 (1975); Wright 
Miller, Federal Practice and Procedure: Civil § 2781. In reviewing such an order the courts possess discretion in passing on an attack upon a judgment, and in exercising this discretion they attempt to balance the desire to remedy injustice against the need for finality of judgments. See Committee Comments, Rule 60, ARCP; Wright Miller, supra § 2857.
In order for one to obtain 60 (b) relief, he must allege and prove one of the grounds set out under the rules, together with a meritorious defense to the action. Taylor v. Taylor,49 Ala. App. 306, 271 So.2d 503 (1973); Trueblood Grayson Shops ofTennessee, Inc., 32 F.R.D. 190 (E.D.Va. 1963). On the other hand if the judgment which forms the basis of the appeal is a void judgment, then such a judgment will negate the necessity of showing a meritorious defense. Modernage v. Wooldridge,55 Ala. App. 68, 313 So.2d 190 (1975).
In this case the defendants' motion to set aside the default judgment essentially sets out grounds of (1) void judgment
under 60 (b)(4), and/or (2) mistake under 60 (b)(1).
The defendants argue that affidavits submitted by them to the court were sufficient to rebut the presumption in favor of the correctness of a sheriff's return. That argument overlooks the decisions which have held that a sheriff's return of service isprima facie evidence of its correctness, and the party challenging it has the burden of establishing lack of service by clear and convincing proof, Gordon v. Halstead, 283 Ala. 578, 219 So.2d 629 (1969); Howard v. Drinkard, 261 Ala. 555,74 So.2d 704 (1954); Bastion-Blessing Co. v. Gewin, 217 Ala. 592,117 So. 197 (1922); Gray v. Hanby, 204 Ala. 559, 86 So. 548
(1920); Speegle v. Citizens Bank, 346 So.2d 455 (Ala.Civ.App. 1977), and additionally, overlooks those decisions holding that a sheriff's return will not be invalidated upon the uncorroborated statement of the parties in which they deny service upon them. Howard v. Drinkard, supra; Eidson v.McDaniel, 216 Ala. 610, 114 So. 204 (1927); King v. Dent,208 Ala. 78, 93 So. 823 (1922). Therefore, as defendants did not meet their burden of proof we cannot hold as a matter of law that the judgment was void or that the trial court abused its discretion in denying the 60 (b) motion on this ground. *Page 849 
In this appeal the defendants contend that the plaintiff's complaint was defective and thus the default judgment was rendered on defective pleadings. This, they argue, resulted in the judgment being void. They say this follows from the fact that the complaint alleged an action against defendants as if makers rather than alleging an action against them as endorsers. They contend that since they weren't liable as makers the judgment was rendered on defective pleadings. Insofar as the defendants' contention that the judgment was based upon a mistake they in effect argue the court made a mistake by rendering the default judgment on improper allegations.
With regard to the aspect that the judgment was void, judgment cannot be void when the court has jurisdiction of the parties and the subject matter. Marsh v. Marsh, 338 So.2d 422
(Ala.Civ.App. 1976). As we established above, the court had jurisdiction by personal service upon the defendants. The defendants do not contend a lack of subject matter jurisdiction.
Concerning defendants' allegations of mistake, if the complaint in the present case was defective, that irregularity could not for the first time be made the basis of vacating a judgment on appeal. In Hanover Fire Insurance Co. v. Street,228 Ala. 677, 154 So. 816 (1934), we quoted from Freeman onJudgments, Vol. 3 (5th Ed.):
 [T]he sufficiency of the . . . complaint . . . as a statement of a cause of action is a matter either expressly or impliedly determined by the court rendering the judgment, and equity will not interfere on the ground that the facts pleaded were not such as to constitute a cause of action [claim].
To allow a defendant to sit on his defenses, suffer a default, and then obtain relief on the basis of a defective complaint would thwart the spirit, as well as the letter of our rules — rules which are designed to do justice to both sides. Assuming then there was an insufficient complaint, that cannot now be used to establish that the trial court abused its discretion, or made a mistake. In Silk v. Sandoval, 435 F.2d 1266 (1st Cir. 1971); cert. den. 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435
(1971), the Court discussed the equitable conception applied to the grounds of Rule 60 (b):
 If the court merely wrongly decides a point of law, that is not `inadvertence, surprise, or excusable neglect.' Moreover, these words, in the context of the rule, seem addressed to some special situations justifying extraordinary relief. [This] motion is based on the broad ground that the court made an erroneous ruling, not that the mistake was attributable to special circumstances.
. . . . .
 A contrary view, that `mistake' means any type of judicial error, makes relief under the rule for error of law as extensive as that available under Rule 59 (e) which permits motions to `alter or amend judgment.'
Therefore, the default judgment being neither void, not effected by a mistake covered by 60 (b), we hold the trial court did not abuse its discretion in denying the motion to set that judgment aside.
In their 60 (b) motion defendants set forth several possible defenses to the action which they aver were foreclosed by the trial court's refusal to set aside the judgment. However, as we have shown, there having been established no proper grounds in the first instance for relief from the judgment which foreclosed these defenses, and which was their first requirement, we need not reach them.
Neither do we rule on plaintiff's motion to exclude certain statements in defendants' reply brief of May 16, 1978 in view of our decision on the underlying issues.
The order of the trial court denying the defendants' motion to set aside the default judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 850