AAA Sewing Machine Company, James O. Davis and James D. Davis appeal from the refusal of the trial court to set aside a default judgment. We affirm.
AAA Sewing Machine Company, made up of James D. and James O. Davis, had entered into an agreement with Shelby Finance Company, Inc., a corporation, doing business as Shelby Discount Company, whereby certain retail purchase agreements for sewing machines would be sold and assigned to Shelby Finance. The agreement also provided that the retail credit contracts could be resold by Shelby Finance to AAA Sewing Machine Company.
On October 20, 1975 Shelby Finance filed an action in the Circuit Court of Jefferson County against AAA Sewing Machine Company, James D. Davis and James O. Davis seeking damages for the breach of the agreement whereby AAA Sewing Machine Company would repurchase certain retail credit contracts. On December 11, 1975 a default judgment was rendered in favor of Shelby Finance and against James O. Davis for the relief sought in the complaint filed on October 20, 1975 and numbered 51033.
On June 10, 1976 the appellants here filed an action in Circuit Court of Jefferson County asking that the default judgment in case number 51033 be set aside and requesting other equitable relief relating to Shelby Finance Company's alleged breach of contract.
The dispositive issue on this appeal is whether the trial court committed reversible error by refusing to set aside the default judgment. We find that it did not so err.
Appellants contend here that the default judgment is void for lack of proper service of process on James O. Davis. They say that since proper service was not perfected, he had no notice or knowledge of the action *Page 128 
filed against him. They further argue that if James O. Davis had been properly notified of the action pending against him, he could have presented meritorious defenses such as fraud and breach of contract against Shelby Finance.
After an ore tenus hearing, the trial court on November 13, 1979 rendered a final judgment in which it found that James O. Davis had been personally served and that he did not have a meritorious defense to the action filed against him by Shelby Finance Company; consequently the trial court refused to set aside the default judgment.
The first issue here is whether service of process was properly perfected on James O. Davis in action No. 51033.
James O. Davis claimed he never received the summons and complaint from Jefferson County Deputy Sheriff Jesse L. Perry. His daughter, Belinda Davis, testified she was served and in turn gave it to her brother, James D. Davis. She testified she never mentioned it to her father, James O. Davis, nor apparently did her brother, James D. Davis.
The deputy, however, testified that he served James O. Davis personally at 4100 49th Court North, in Birmingham. Deputy Perry gave a physical description of the older Davis. Perry said that James D. Davis was not the man he served, that the man he served was older. Perry also identified his own signature on the return of service.
A strong presumption of correctness attends a sheriff's return, and the party challenging it has the burden of establishing lack of service by clear and convincing proof.Howard v. Drinkard, 261 Ala. 555, 74 So.2d 704 (1954). In addition, when the trial court hears the witnesses ore tenus, the conclusion of the trial judge will be affirmed if it is fairly supported by credible evidence under any reasonable aspect, and is not palpably wrong or manifestly unjust. Whittv. McConnell, Ala., 360 So.2d 336 (1978).
We think the evidence supports the trial court's finding that the deputy sheriff served the complaint in the instant case upon James O. Davis.
The second issue is whether the trial court abused its discretion in holding that the court which had rendered the default judgment against James O. Davis had possessed personal jurisdiction over him.
Mr. Davis contends that Raine v. First Western Bank, Ala.,362 So.2d 846 (1978) is controlling. In Raine the court held that uncorroborated testimony of a party against which a default judgment has been rendered is insufficient to overcome the presumption of the validity of a sheriff's return.
Mr. Davis argues that in the case at bar there was corroborated testimony and that therefore the trial court abused its discretion. It is agreed that there was testimony corroborating his claim of lack of service; however, there was also contradictory testimony by the deputy sheriff.
In Stewart v. Stewart, Ala.Civ.App., 354 So.2d 816 (1977) we noted the rule governing the resolution of a conflict in testimony:
 A determination as to the weight to be given testimony presented to a trial court while that court is sitting as a trier of fact is fully within the discretion of the court since one of the primary functions of a trier of fact is to weigh the evidence before it and reach its conclusions according to the weight given to each portion of evidence presented.
We think the trial court weighed the evidence and properly found that the court rendering the default against James O. Davis had personal jurisdiction over him. Therefore we can find no abuse of discretion.
The final issue is whether the trial court erred in holding that James O. Davis was required to show a meritorious defense as a prerequisite to the setting aside of the default judgment.
Mr. Davis argues that if the judgment in the instant case is void, he does not *Page 129 
have to show a meritorious defense to attack the judgment under Rule 60 (b)(4), ARCP. We think this to be the law. See, Rainev. First Western Bank, supra. However, we have previously stated that the trial court was correct in finding that the service of process on James O. Davis was adequate. Therefore, the judgment is not void, and the trial court did not err in holding that Mr. Davis had to show a meritorious defense before the default judgment could be set aside.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.