This is an appeal from a judgment of the Madison County Circuit Court, denying plaintiff Vaughn Caudle relief under his motion pursuant to Rule 60 (b)(6), A.R.C.P., to have a default judgment set aside.
On January 14, 1979, Vaughn Caudle's brother, Sindle Thurman Caudle, was involved in an automobile accident while transporting the cousin of both men to Decatur, Alabama, in an automobile owned by Vaughn Caudle. At the hearing to set aside the default judgment, Vaughn Caudle testified to the effect that he had not directed his brother to take their cousin to Decatur, although he had given him permission to use his automobile to take her there. The attorney for the insurance company sought at the hearing to show that Vaughn Caudle had made a statement in a conversation with the insurance company's adjuster to the effect that he had asked his brother to take their cousin to Decatur.
The suit in this case was filed on June 27, 1979, against Vaughn Caudle and Sindle Thurman Caudle, as uninsured motorists, and State Farm, an uninsured motorist carrier. The court records show that Deputy Sheriff John Macklin certified that he served Vaughn Caudle on August 7, 1979. On September 20, 1979, a default judgment in the amount of $31,500.00 was entered against Vaughn Caudle.
On July 11, 1980, the plaintiff filed a garnishment against the wages of Vaughn Caudle, due him by his employer Dunlop Tire Rubber Company. Notice of this garnishment was received by Vaughn Caudle on August 4, 1980, and on September 9, 1980, Caudle filed a motion under Rule 60 (b)(6), A.R.C.P., to set aside the default judgment. At the hearing he testified that deducting $68.00 per payday, it would take him between 10 and 15 years to pay the judgment.
The only issue raised by the briefs of the parties is whether the trial court abused its discretion in failing to grant Vaughn Caudle relief under his motion seeking relief as prescribed by Rule 60 (b)(6), A.R.C.P. The trial court did not err and, therefore, we affirm. *Page 40 
Once again we are called upon to choose between two competing policies in the law, namely, the policy to afford relief from unjust judgments and the policy of the law to accord to its judgments a degree of finality which engenders respect in the eyes of the public.[1] Two principles must be kept in mind in resolving these two competing policies, as they arise in the instant case. The first principle is that a strong presumption of correctness attends the sheriff's return of service and the party challenging it has the burden of establishing lack of service by clear and convincing proof. AAA Sewing Machine Co.v. Shelby Finance Co., 384 So.2d 126, 127 (Ala.Civ.App. 1980);Howard v. Drinkard, 261 Ala. 555, 556, 74 So.2d 704 (1954). The second principle is that when a trial court hears witnesses oretenus, the conclusion of the trial judge will be affirmed if it is fairly supported by credible evidence under any reasonable aspect and is not palpably wrong or manifestly unjust.
The inclination of this court to afford relief against unjust judgments was shown in our recent decision in Wiggins v.Tuscaloosa Warehouse Groceries, Inc., 396 So.2d 91 (Ala. 1981), where we affirmed the decision of the trial court in setting aside a default judgment against Tuscaloosa Warehouse Groceries for $25,000.00, albeit the plaintiff filed his motion under Rule 55 (c), A.R.C.P., instead of Rule 60 (b), A.R.C.P.[2]
We note that the plaintiff's motion here was timely, although grounds (1), (2), and (3) of Rule 60 (b), A.R.C.P., require the motion to be filed in four months. The ground used by the defendant — ground (6)[3] — only requires that the motion be filed within a reasonable time. Defendant Caudle testified that he only learned about the judgment when notice of garnishment was served on him and that his motion was therefore timely filed, even though filed some eleven months after the judgment was entered.
The facts in the instant case seem more appealing for Rule 60 (b)(6) treatment than the facts in the Tuscaloosa Warehouse
case. In the Tuscaloosa Warehouse case, the warehouse admitted that it received process and forwarded it to its insurance carrier, but the insurance carrier did not promptly forward the process to its attorneys, thus resulting in the judgment by default. Here, the defendant claims, although his testimony is conflicting, that he never received process from the sheriff's office. However, the appellants are positioned differently in these two cases. In the Tuscaloosa Warehouse case, we were faced with the question of whether or not we should reverse the Circuit Court of Tuscaloosa County on a judgment setting aside a default judgment. In the instant case, we are concerned with the question of reversing the trial judge where he has refused to set aside a default judgment.
The defendant was the only witness at the hearing on the Rule 60 (b) motion. A careful review of the record discloses that there was considerable testimony upon which the trial judge could refuse to set aside the default. We considered the following:
 THE COURT: Mr. Caudle, do you remember being handed some papers by a black deputy sheriff?
A.: Yes.
THE COURT: Do you remember him coming?
A.: I wasn't handed no papers. *Page 41 
 THE COURT: Were you handed some papers by a black deputy named John Macklin?
 A.: Yes, but I am not for sure whether it was concerning this or not. I was handed some papers at school one time to come up here, but I can't recall being handed nothing by no black deputy. I think I got them in the mail, or I wasn't there when they got there. I only remember receiving one subpoena from here and another one at school.
 THE COURT: He says that on August 7, 1979, he served these suit papers on you.
A.: I don't remember.
The factual dissimilarities in the Tuscaloosa Warehouse case and this case are readily apparent. In Tuscaloosa Warehouse, a motion to set aside the default was filed within 29 days of the judgment, but was not presented to the trial court within 30 days of the rendition of the judgment. The motion in the instant case was filed eleven months after the judgment. The trial court could well have concluded that the defendant contumaciously ignored the sheriff's process until a "rock" had been placed on his pay, at which time he sought relief from the court. Furthermore, what looked like a meritorious defense — a brother using defendant's car for his own purpose, although with defendant's permission — on close examination turns out to be a case where the defendant may have instructed the brother to transport the cousin to Decatur in his car. If the insurance company's version of the case had been presented to and been believed by a jury, and legal negligence proven, the jury would have been bound to bring in a judgment against the defendant.
The long and short of the matter is that all of these considerations must have coalesced in the mind of the trier of fact when he decided to deny the motion to set aside the default. It is this delicate sifting and weighing of facts that the trial court is so uniquely equipped to handle. We cannot, and will not, set aside that judgment unless it is palpably wrong and in this case we are not convinced that it is. The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
FAULKNER, J., dissents.
[1] These considerations are not new. They have been dealt with in AAA Sewing Machine Co. v. Shelby Finance Co., 384 So.2d 126
(Ala.Civ.App. 1980); Howard v. Drinkard, 261 Ala. 555,74 So.2d 704 (1954); Wiggins v. Tuscaloosa Warehouse Groceries, Inc.,396 So.2d 91 (Ala. 1981).
[2] The court treated his motion as a Rule 60 (b) motion because under Rule 55 (c), A.R.C.P., the motion must be presented to and acted upon by the trial judge within 30 days of the default judgment. The movant had filed the motion within 29 days and in time, but had failed to present it to the trial judge for his action until more than 30 days had passed after the rendition of the judgment.
[3] Ground (6) specifies "any other reason justifying relief from the operation of the judgment."