BEATTY, Justice
(concurring specially):
The majority opinion holds that the defendant’s venue motion was untimely under Rule 82, even though the motion was filed shortly after the reopened action was allowed to proceed by this court. The implication is that such an action can only be defended on the grounds pleaded in the motion to reopen. It is true that under Rule 60(b) a meritorious defense must generally be alleged in the motion to obtain relief from a judgment. Raine v. First *224 Western Bank, 362 So.2d 846 (Ala.1978). However, it does not follow that whenever a judgment is sought to be reopened, venue or other defenses must be pleaded in the motion for that relief. Such an approach does not take into consideration that: (a) pleadings may normally be amended under Rule 15 subject to the discretion of the trial court; (b) in the case of reopening void judgments, no meritorious defense need be alleged, Raine; (c) in this case venue is not a defense justifying relief from judgment.
Moreover, nothing in Rule 82 makes the venue motion untimely.[1] Instead, the proper basis for decision is that under these circumstances the petitioner’s delay is in the nature of laches (this appears to be the basis for the last paragraph of the majority opinion). The petitioner could have raised the venue issue at an earlier stage (even if not required under the Rules) and failure to do so increased expense and delay. The trial court therefore had discretion in light of Rule 1(c)[2] to deny a change in venue on this ground.

. The amended version of Rule 82, effective March 1, 1982, and thus not applicable here, defines what is timely but does not address the situation presented here.

. The Rule reads as follows: “These rules shall be construed to secure the just, speedy and inexpensive determination of every action.”