ALMON, Justice.
This is an appeal from the denial of a Rule 60(b), A.R.Civ.P., motion to set aside a default judgment. Defendant/appellant Campbell Construction Engineers, Inc. *1237 (Campbell), argues that the judgment was void for lack of service of process, that the entry of default was improper, that it did not default intentionally and that it has a meritorious defense. The trial court, after holding an evidentiary hearing and receiving briefs from the attorneys, entered a detailed order denying the motion to set aside the judgment.
The underlying action was a suit by John and Marcia Covington for personal injuries they sustained when their pickup truck was struck by a truck driven by Brannon Weaver in the course of his employment with F.L. Jackson Trucking Company (Jackson Trucking). The Covingtons’ original complaint named Weaver and Jackson Trucking as defendants, but they soon filed an amended complaint adding Campbell as a defendant. Campbell had a contract with Scott Paper Company pursuant to which Weaver was transporting waste at the time of the accident. After Campbell did not answer the amended complaint within 30 days, the Covingtons moved for a default judgment. The trial court entered a default judgment against Campbell and made the judgment final, pursuant to Rule 54(b), A.R.Civ.P., while the action remained pending against Weaver and Jackson Trucking.
Campbell insists that it never received service of the amended complaint and summons. The sheriffs return, however, recites that the summons and complaint were served on “Mr. Doan” at Campbell on April 12, 1982. Gene Dorn, the office manager of Campbell at that time, denies having received the summons and complaint and states that he was not authorized to receive service on Campbell. The trial court found that the amended complaint was served on Campbell and stated that it was “not reasonably satisfied from the evidence that the Default entered in this ease was the result of excusable neglect, inadvertence or that the service on the Defendant, Campbell Construction Engineers, Inc. was improper.”
Rule 60(b) allows a court to relieve a party from judgment for reasons enumerated therein. A party must file a motion raising the reasons numbered (1) through (3) within four months of entry of judgment. The court entered default on July 30, 1982, and Campbell filed its motion to set aside the judgment on January 14, 1983. Campbell asserts that it had no knowledge of the suit or the default judgment until the Covingtons’ attorney sent a letter requesting payment of the judgment in December of 1982, more than four months after the entry of judgment.
Campbell cites Code 1975, § 6-9-21, which requires a clerk or register to issue execution within 90 days from entry of judgment, and argues that because this procedure was not followed, it lost the opportunity to file a motion based on Rule 60(b)(1). We agree with the Court of Civil Appeals’ holding in Charles Townsend Ford, Inc. v. Edwards, 374 So.2d 900 (Ala.Civ.App.1979), that this code section does not require a judgment holder to execute within ninety days, but merely protects judgment holders from delays by clerks in issuing executions. Under § 6-9-1, a judgment holder can execute at any time within ten years.
Campbell does have an arguable claim for relief under Rule 60(b)(4), which allows relief from a void judgment. Campbell claims that the judgment is void for lack of jurisdiction because Campbell never received service of process. We do not find that the trial court is due to be reversed on this ground, however, because the question of whether Campbell received proper service hinged on disputed facts.
The summons directed to Campbell includes a sheriff’s return which recites that it was served on “Mr. Doan” and which is signed “J. Jackson.” Deputy Jackson testified that the signature was not his, but that it was ordinary procedure in the sheriff’s department for office personnel to sign the sheriff’s returns after service was perfected. Deputy Jackson had no independent recollection of serving this summons and complaint, but he testified that he had served summonses and complaints at Campbell’s office on numerous occasions. He recognized Gene Dorn in the *1238 courtroom as one of the persons on whom he had served papers.
“A strong presumption of correctness attends a sheriff’s return, and the party challenging it has the burden of establishing lack of service by clear and convincing proof.” AAA Sewing Machine Co. v. Shelby Finance Co., 384 So.2d 126, 128 (Ala.Civ.App.1980), citing Howard v. Drinkard, 261 Ala. 555, 74 So.2d 704 (1954). The sheriffs return is somewhat irregular here, both for the misspelling of Mr. Dorn’s name and for the procedure of letting someone other than the serving deputy sign it. The fact of service is indicated by evidence other than just Deputy Jackson’s testimony, however.
Dorn’s own testimony was equivocal as to whether he actually received the papers. At his deposition, he testified that he remembered receiving the amended complaint and summons, but thought they were directed to Mr. Jackson of F.L. Jackson Trucking Co., who had an office in Campbell’s building. A cursory examination of the amended complaint would show that plaintiffs filed it for the purpose of adding Campbell as a defendant; that Mr. Jackson was to be served not at Campbell’s office but at Jackson Trucking’s address in Prichard, Alabama; and that the summons was directed to Campbell.
Dorn testified that prior to 1978 he was authorized to receive service of process for Campbell, but that since that time he was not so authorized but could receive service on individual employees. The president and vice-president of Campbell also testified that Campbell instituted a policy around 1978 that only officers could receive service of process. Rule 4(c)(6), A.R.Civ.P., provides that service of process shall be made
“Upon a corporation either domestic or foreign by serving the agent authorized by appointment or by law to receive service of process or by serving the corporation by certified mail at any of its usual places of business or by serving an officer or an agent of the corporation.”
Dorn’s insistence that he was not authorized and would not have accepted service upon Campbell is contradicted by: 1) evidence that he did in fact accept the papers directed to Campbell; 2) the deputy’s testimony that he remembered having served Dorn at Campbell; 3) the fact that Dorn was office manager at Campbell and, as such, would normally be expected to receive papers for the corporation; and 4) the final provision of the above-quoted rule that service may be perfected “by serving an officer or an agent of the corporation.”
The testimony of Campbell’s insurance agent provided further evidence supporting the trial court’s finding that service was properly made on Campbell. The insurance agency handles insurance for both Jackson Trucking and Campbell, but the two companies are insured by different carriers. A claims agent for the agency testified that she received the amended complaint and summons from the secretary to whom Dorn or anyone else at Campbell would have delivered papers. She testified, however, that although she saw the name “Campbell Construction Engineers, Inc.,” she assumed the papers had been served on Jackson Trucking in care of Campbell and therefore delivered the papers to Jackson Trucking’s insurance carrier.
Campbell argues that procedural irregularities in the default judgment require that it be set aside, citing Weaver v. Travel Inn, Inc., 350 So.2d 444 (Ala.1977); and Welch v. G.F.C. Credit Corporation, 336 So.2d 1346 (Ala.Civ.App.1976). Suffice it to say that this case is distinguishable, because the trial court entered judgment by default against a defendant which had not entered an appearance.
Finally, Campbell contends that the court should have set aside the default judgment because Campbell had pleaded and proved a meritorious defense, there was no indication that Weaver or Jackson Trucking was Campbell’s agent, and Mr. Covington was guilty of contributory negligence. The trial court entered findings of fact against Campbell on all of these allegations. Even assuming these matters *1239 might constitute grounds for relief, for example under Rule 60(b)(6), the record supports the trial court’s finding that the allegations are not supported by the evidence.
Finding no error in the trial court’s order and judgment denying the motion to set aside the default judgment, we affirm.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY, and ADAMS, JJ., concur.