American Resources Insurance Company petitions for a writ of mandamus directing the judge of the Walker Circuit Court to set aside his Rule 60(b), Ala.R.Civ.P., order setting aside American Resources' default judgment in a declaratory action.
In 1990, Richard and Betty Harbin sued Burleson and Mullins Coal Company ("Burleson and Mullins") and Nelson Brothers, Inc., for damages, alleging negligent or wanton conduct in the operation of a strip mine. Burleson and Mullins was served with a copy of the summons and a complaint in that case, but never entered an appearance, answered, or otherwise defended the action. The Harbins thereafter obtained a default judgment against Burleson and Mullins, with an award of $39,000 in compensatory damages and $117,000 in punitive damages.
After the default judgment was entered in their favor, the Harbins attempted to garnish the proceeds of the policy of insurance existing between Burleson and Mullins and the petitioner, American Resources Insurance Company, which, until that time had had no knowledge of the Harbins' lawsuit. In response, American Resources filed a declaratory action in Walker County against Burleson and Mullins and the Harbins, contending that it had no duty to defend any litigation arising out of the Harbins' complaint and that it had no duty to pay any sum adjudged to be owing to the Harbins arising out of the lawsuit. American Resources argued that Burleson and Mullins had failed to give it notice of an occurrence that might render it liable under the policy and had failed to cooperate in the defense of the case.
The policy provided as follows:
 "4. Insured's Duties in the Event of Occurrence, Claim or Suit:
 "(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place, and circumstances thereof, and the names or addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.
 "(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative.
 "(c) The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which insurance is afforded under this policy. . . ."
On August 20, 1993, after Burleson and Mullins had failed to appear or to defend in any fashion the declaratory judgment action, American Resources requested a default judgment against Burleson and Mullins; the court entered such a judgment on August 25, 1993.
On September 24, 1993, the Harbins moved to set aside the default judgment against Burleson and Mullins in the declaratory judgment action, claiming that Burleson and Mullins had had insufficient notice of the proceedings. On September 29, 1993, Nelson Brothers, Inc., a codefendant in the underlying case, moved to intervene and moved to set aside the default judgment entered against Burleson and Mullins. On November 4, 1993, a hearing was held on those motions, and Judge James C. Brotherton granted the Harbins' motion to set aside the default judgment and entered an order granting Nelson Brothers' motion to intervene in the declaratory judgment.
On November 5, 1993, American Resources filed requests for admissions pursuant to Rule 36, Ala.R.Civ.P., and had those requests served on Burleson and Mullins. Burleson and Mullins never answered, admitted, or denied any of the requests for admission. *Page 935 
On April 20, 1994, American Resources filed a second motion for a default judgment and filed a motion requesting that the matters addressed in the requests for admissions be deemed admitted, as provided by Rule 36, A.R.Civ.P. On April 21, 1994, Judge Brotherton ordered that the requests for admissions be taken as admitted and entered another default judgment, holding that American Resources had no duty to defend Burleson and Mullins and had no duty to indemnify Burleson and Mullins or to pay any sums awarded to the Harbins in their action against Burleson and Mullins.
On October 6, 1994, Burleson and Mullins made its first appearance, filing a motion pursuant to Rule 60, A.R.Civ.P., for relief from the default judgment entered on April 21, 1994.
After a hearing on both motions, on November 3, 1994, of which we have no record to review, Judge John L. Madison entered an order granting the motion by Burleson and Mullins for relief from the judgment.
In November 21, 1994, American Resources petitioned for a writ of mandamus directing Judge Madison to set aside his order of November 3. Burleson and Mullins and the Harbins responded, claiming that Judge Madison could have properly used his discretion under Rule 60(b) to set aside American Resources' default judgment in the declaratory action because, they said, Burleson and Mullins had not been properly served with process in that declaratory action.
Mandamus is a drastic and extraordinary writ, to be issued only where there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989);Ex parte Alfab, Inc., 586 So.2d 889 (Ala. 1991).
In its briefs, American Resources presented the case action summary sheet of this case. It shows that Dan Mullins, the president of "Burleson and Mullins Coal Company, Inc.," was personally served with a summons and a complaint in the declaratory action on May 10, 1993. A copy of the return receipt lists "Dan Mullins President" as the person served, and it contains the signature of the process server.
Rule (4)(c)(6), A.R.Civ.P., provides that service of process shall be made:
 "Upon a corporation either domestic or foreign by serving the agent authorized by appointment or by law to receive service of process or by serving the corporation by certified mail at any of its usual places of business or by serving an officer or an agent of the corporation."
(Emphasis added.)
Rule 4.1(b)(3), Ala.R.Civ.P., provides the method for in-state service of process by a sheriff or constable or other designated person. Under that rule, the fact of service is evidenced by the process server's endorsement of that fact on the process and the clerk's notation on the docket sheet indicating that the process has been served. Rule 4.1(b)(3) further provides that the return of the process server indicating that process was served in the prescribed manner shall be "prima facie evidence of such fact." The presumption of correctness is not conclusive, but the party challenging the return has the burden of establishing lack of service, by clear and convincing evidence. Powell v. Central Bank of the South,510 So.2d 171 (Ala. 1987). See Campbell Constr. Engineers, Inc.v. Covington, 460 So.2d 1236, 1237 (Ala. 1984); AAA SewingMachine Co. v. Shelby Finance Co., 384 So.2d 126, 128
(Ala.Civ.App. 1980).
The respondents' argument that the service of process on Burleson and Mullins was insufficient is two-fold: First, they claim that the service was insufficient because service was attempted upon an entity known as "Burleson and Mullins Coal Company," which they say was the predecessor to the present corporate entity known as "Burleson and Mullins Coal Company, Inc." Second, the respondents say that service was insufficient because, they say, the summons and the complaint were sent by certified mail to the wrong address. *Page 936 
The respondents claim that they are entitled to relief under Rule 60(b)(4), which permits relief from a judgment that is void, and/or under Rule 60(b)(6), which permits relief for any reason justifying relief from the operation of a judgment, other than those reasons enumerated in Rule 60(b)(1) through (5).
Under Rule 60(b)(4), we inquire into the validity of the underlying judgment. When the grant or denial of the motion turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand. A judgment is void only if the trial court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Pollard v. Etowah County Comm'n,539 So.2d 225 (Ala. 1989); Cassioppi v. Damico, 536 So.2d 938
(Ala. 1988); March v. Stringer, 518 So.2d 65 (Ala. 1987); Smithv. Clark, 468 So.2d 138 (Ala. 1985).
Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice, or when a case involves aggravating circumstances.Insurance Management Administration, Inc. v. Palomar Ins.Corp., 590 So.2d 209 (Ala. 1991); Satterfield v. WinstonIndustries, Inc., 553 So.2d 61 (Ala. 1989); Ex parte Baker,459 So.2d 873 (Ala. 1984); Jenkins v. American Cast Iron Pipe Co.,454 So.2d 969 (Ala. 1984); Howell v. D.H. Holmes, Ltd.,420 So.2d 26 (Ala. 1982). Rule 60(b)(6) is designed to operate exclusively of the specific grounds listed in (b)(1) through (5), and relief cannot be obtained under (b)(6) if it would have been available under one of the other five subsections.
In evaluating the trial judge's order granting or denying relief under Rule 60(b), in regard to rulings based on subsection (6), we apply a different standard from the one we apply when we review decisions based on subsection (4). Whether to grant or to deny relief under Rule 60(b)(6) is within the discretion of the trial judge, and the trial judge's ruling on that question will not be reversed except for an abuse of that discretion. Pollard v. Etowah County Comm'n, 539 So.2d 225
(Ala. 1989); Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala. 1979).
Attached to the respondents' brief is a deposition that they claim provides evidence that the service of process on Burleson and Mullins in the declaratory action was insufficient. The deposition was affixed to the respondents' brief and is labeled "Exhibit A." It consists of a deposition of Dan Mullins, taken July 1, 1994, in Walker Circuit Court Civil Action Number CV-90-595, styled Richard and Betty Harbin v. Burleson Mullins Coal Co., et al. American Resources was not present or represented at the taking of the deposition, and, as the attorney for the Harbins acknowledged, American Resources was never given notice of the deposition, because it was not involved in that case. Nothing before us shows that the deposition was part of the trial court's record.
In essence, the respondents urge this Court to look beyond the record of this case. This we cannot do. This Court is bound by the record, and it cannot consider a statement or evidence in a party's brief that was not before the trial court. Exparte Baker, 459 So.2d 873 (Ala. 1984), Wilson v. Crosby LumberCo., 386 So.2d 1173 (Ala.Civ.App. 1980). In considering a mandamus petition, we must look at only those facts before the trial court. Baker; Ex parte Moore, 642 So.2d 457 (Ala. 1994);Ex parte Ralston, 519 So.2d 488 (Ala. 1987).
A party seeking relief must both allege and prove one of the grounds set forth in Rule 60 in order to be granted relief under that rule. Ex parte Baker, 459 So.2d 873 (Ala. 1984);Raine v. First Western Bank, 362 So.2d 846 (Ala. 1978). No affidavit or testimony before us, which was also before the trial court at the hearing on the Rule 60(b) motion, proves by clear and convincing evidence that the judgment was void; thus, the record did not support an order granting relief under Rule 60(b)(4). Neither have the respondents shown evidence of extraordinary circumstances that would provide relief under Rule 60(b)(6). Thus, we conclude that the judgment was not void, so there could be no relief under Rule 60(b)(4), and that Judge *Page 937 
Madison could not have granted relief under Rule 60(b)(6) without abusing his discretion.
The petition for the writ of mandamus must be granted.
WRIT GRANTED.
MADDOX, ALMON, HOUSTON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.