Rel: September 19, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of Southern Reporter. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in Southern Reporter.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2025

_____

### SC-2025-0278

_____

### Ex parte R. Bruce Sansom and Carol F. Sansom

### PETITION FOR WRIT OF MANDAMUS

### (In re: R. Bruce Sansom and Carol F. Sansom

### v.

### State Farm Fire and Casualty Company, S Wright Construction, LLC, and Sylvester F. Wright, individually)

### (Montgomery Circuit Court:  CV-25-34)

WISE, Justice

R. Bruce Sansom and Carol F. Sansom petition this Court for a writ

of mandamus directing the Montgomery Circuit Court to vacate its order

transferring the underlying action to the Elmore Circuit Court. We grant the petition and issue the writ.

Facts and Procedural History

The Sansoms owned a residence in Elmore County. State Farm Fire and Casualty Company ("State Farm") insured the house. On January 12, 2023, the house was damaged during a storm; on January 13, 2023, the Sansoms filed a claim with State Farm. At State Farm's instruction, on January 26, 2023, Sylvester F. Wright, who owned S Wright Construction, LLC ("Wright Construction"), inspected the house. Ultimately, State Farm refused to pay the Sansoms' claim.

On January 9, 2025, the Sansoms filed a complaint against State Farm, Wright Construction, and Wright in the Montgomery Circuit Court. The complaint stated claims of breach of contract and bad faith against State Farm. It also included a claim of conspiracy to defraud against all three defendants.

On February 12, 2025, State Farm filed a motion to dismiss the complaint in its entirety or, alternatively, to dismiss the conspiracy claim. State Farm also moved to transfer the action to Elmore County, arguing that venue was not proper in Montgomery County because the

2

house that was the subject of the action was located in Elmore County and the Sansoms were residents of Elmore County. See § 6-3-7(a)(1) and (3), Ala. Code 1975.

On March 17, 2025, the Sansoms filed a response in opposition to the motion to dismiss. They argued, in part, that venue was proper in Montgomery County pursuant to § 6-3-2(a)(3), Ala. Code 1975, which allows an action against an individual to be brought "in the county of such [individual's permanent] residence or in the county in which the act or omission complained of may have been done or may have occurred." Because Wright resides in Montgomery County, the Sansoms argued that venue was proper there.

On March 19, 2025, State Farm filed a motion to transfer the action to Elmore County based on the doctrine of forum non conveniens, as codified in § 6-3-21.1(a), Ala. Code 1975. The Sansoms did not file a response to that motion. On the next day, March 20, 2025, the trial court granted that motion, finding as follows:

> "State Farm has shown that venue is proper in Elmore County given that it is the county where Plaintiffs reside, a substantial part of the events or omissions giving rise to the claim occurred in Elmore County, and Elmore County is where the real property that is the subject of the action is situated. See Ala. Code 1975, § 6-3-7. The 'interest of justice'

3

factor of a <u>forum non conveniens</u> analysis requires the transfer of this case from Montgomery County with little, if any, connection to the action, to Elmore County with a strong connection to the action.

"It is hereby ORDERED, ADJUDGED, and DECREED that State Farm's Motion to Transfer Venue is granted.  This matter is transferred to the Circuit Court of Elmore County, Alabama."

(Capitalization in original.)  This petition followed.

## Standard of Review

"'The proper method for obtaining review of a denial [or grant] of a motion for a change of venue in a civil action is to petition for the writ of mandamus.  <u>Lawler Mobile Homes, Inc. v. Tarver</u>, 492 So. 2d 297, 302 (Ala. 1986).  "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."  <u>Ex parte Integon Corp.</u>, 672 So. 2d 497, 499 (Ala. 1995).  "When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court [exceeded] its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner."  <u>Id.</u>  Our review is further limited to those facts that were before the trial court.  <u>Ex parte American Resources Ins. Co.</u>, 663 So. 2d 932, 936 (Ala. 1995).'

"<u>Ex parte National Sec. Ins. Co.</u>, 727 So. 2d 788, 789 (Ala. 1998)."

4

<u>Ex parte Burgess</u>, 298 So. 3d 1080, 1082 (Ala. 2020).

Discussion

The Sansoms argue that the trial court exceeded its discretion when it transferred the case to Elmore County without giving them a reasonable opportunity to respond to State Farm's motion to transfer based on the doctrine of <u>forum non conveniens</u>. They cite this Court's holding in <u>Ex parte Burgess</u> and the Court of Civil Appeals' holding in <u>Ex parte Nucor Harris Rebar South, LLC</u>, [Ms. CL-2025-0145, Apr. 11, 2025] ___ So. 3d ___ (Ala. Civ. App. 2025), in support of their argument.

In <u>Ex parte Burgess</u>, 298 So. 3d at 1084-85, this Court addressed a similar situation as follows:

> "[W]e find it troubling that the Jefferson Circuit Court granted the motion for a change of venue without affording Burgess a reasonable time in which to file a response. Although courts are encouraged to act promptly in ruling on motions, especially at the initial phase of any case, we cannot condone a hasty decision that fails to consider a response from the opposing party -- effectively ignoring any argument in support of the opposition. In this case, the Jefferson Circuit Court received the motion for a change of venue on a Friday afternoon and entered an order granting that motion the following Monday. This short period could not have allowed a full consideration of the motion, and excluding Burgess's views effectively divested the court of any presumption that it appropriately used its discretion. Even though our procedural rules are silent and provide no specific guidance, we hold that,

5

before a ruling is entered on a motion for change of venue, a trial judge should, at a minimum, allow the party opposing the motion to file a response and then consider whether a hearing would provide a more complete foundation for the exercise of its discretion regarding a change in venue."

Also, in Ex parte Nucor Harris, ___ So. 3d at ___, the Court of Civil Appeals addressed a similar situation and applied the holding in Ex parte Burgess, holding as follows:

"We find the procedural history of the present case comparable to that in Burgess. Here, Chapman filed his motion to transfer venue on a Thursday at 8:28 p.m. The St. Clair Circuit Court granted that motion the following Monday at 1:13 p.m., fewer than two business days after the motion was filed. In accordance with Burgess, we conclude that the St. Clair Circuit Court exceeded its discretion by failing to give Nucor 'a reasonable time in which to file a response.' Id. As stated in Burgess, the trial court should, 'at a minimum, allow the party opposing [a] motion [to transfer venue] to file a response and then consider whether a hearing would provide a more complete foundation for the exercise of its discretion ....' Id. at 1085. Here, the trial court did not do so. Therefore, we grant the petition and issue a writ of mandamus directing the St. Clair Circuit Court to vacate its order transferring the case to the Jefferson Circuit Court and for further proceedings to determine the merits of Chapman's motion in accordance with Burgess."

In this case, State Farm filed its motion to transfer the action on the doctrine of forum non conveniens on March 19, 2025, at 12:24 p.m. The trial court granted the motion on March 20, 2025, at 8:42 p.m. Based on the reasoning in Ex parte Burgess and Ex parte Nucor Harris, we

6

conclude that the trial court did not give the Sansoms a reasonable opportunity to respond to State Farm's motion to transfer the action based on the doctrine of <u>forum non conveniens</u>, as codified in § 6-3-21.1(a), before granting that motion.

<u>Conclusion</u>

For the above-stated reasons, we conclude that the Montgomery Circuit Court exceeded its discretion in transferring this case to the Elmore Circuit Court. Accordingly, we grant the petition for a writ of mandamus and direct the Montgomery Circuit Court to vacate its March 20, 2025, order transferring the action to the Elmore Circuit Court and to conduct further proceedings to determine the merits of State Farm's motion, in accordance with <u>Burgess</u>.

PETITION GRANTED; WRIT ISSUED.

Stewart, C.J., and Shaw, Bryan, Sellers, Mendheim, Cook, McCool, and Lewis, JJ., concur.

7